**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

**BASA INVESTMENTS LLC,**

**Case No.: 22-10741-EPK**

**Chapter 11**

        Debtor.
_____/

**AMY STANLEY'S OPPOSITION TO DEBTOR IN POSSESSION'S**
**APPLICATION FOR EMPLOYMENT OF REAL ESTATE BROKER [ECF 36]**

        Amy Stanley, through undersigned counsel, submits her Opposition to Debtor in
Possession Basa Investments LLC's ("Basa") Application for Employment of Real Estate Broker
("Application") [ECF 36].  The Application seeks to hire a real estate broker to sell real property
located at 944 Market Street, West Palm Beach, FL 33401 (the "Real Property").  The Debtor has
no legal authority to sell the Real Property, which has been the subject of State Court Proceedings
(as defined below) between Stanley, Basa, and Basa's principal Ariel Banegas (and three of
Banegas' other entities) since June of 2018.  Stanley has an active lis pendens recorded against the
Real Property in which she seeks *ownership* of it.  Prior to being judicially defaulted in the State
Court Proceedings,  Basa admitted it acquired the Real Property with Stanley's money.  Apart
from this, the proposed real estate broker Jose Fernandez actually listed the Real Property over
two weeks ago, *before* the Application was even filed.  Fernandez is in fact the third broker to do
so *after* January 31, 2022 (the "Petition Date"), none of whom had any order or authorization from
the Court to do so.  None of this was disclosed in the Application.  With an active MLS listing for
the Real Property prior to even the filing of the Application and with no disclosures at all,
Fernandez is not a disinterested professional.  Last, Stanley believes Fernandez is unqualified and
the Real Property's value is negatively impaired by current leases such that it should not be listed
for sale at this time.  For all of these reasons, the Court should deny the Application.

A.  Brief Factual Background

        1.      In March of 2017, Stanley met Banegas and the two began a personal relationship
and a business relationship.  Between March of 2017 and April of 2018, Stanley provided Banegas

1

with a total of $1,212,103 to acquire, renovate, and re-sell for profit various real properties to be held in one of three legal entities, including Basa.  Basa is named for B̲anegas A̲riel S̲tanley A̲my.  No dispute exists that Stanley's money was used to acquire the Real Property.  The only secured claims against the Real Property are $3,108.77 for 2021 real property taxes and $3,338.06 for 2020 real property taxes [ECF 1, Schedule D 2.5, 2.6, pp. 14-15].  The Real Property is a residential duplex with active leases for $1,100 a month for each of the two units, for a total of $2,200 a month.  As of the Petition Date, the leases were current.  The leases remain current.  Until the Petition Date, Banegas was using the rental income from the Real Property to fund litigation with Stanley and to pay his personal expenses.

2.     Stanley contends that she and Banegas were in a joint venture with Stanley to fund the acquisition and improvement of real properties, with Banegas to share in the re-sale profit after renovation based on his "sweat equity."  Though the arrangement with respect to each of the real properties varied a bit, that was the big picture arrangement between the two.  Banegas had no money to engage in this venture, but Stanley believed at the time that Banegas had the knowledge and experience to perform the work after she funded the acquisitions and renovations.

B.  The State Court Proceedings

3.     On June 14, 2018, Stanley filed Case No. 50 2018 CA 007548 XXXX MB (the "State Court Proceedings") in Palm Beach County Circuit Court against Banegas, Basa, and the three other entities involved: Leader Realty, Inc., Damaca Investments LLC ("Damaca"), and Shepherd Realty Investments, Inc. ("Shepherd").  A copy of Stanley's operative Fourth Amended Complaint is attached as Exhibit "A."  Stanley seeks, among other things, a declaration that Stanley owns the Real Property by way of a resulting trust (Count III) and a constructive trust (Count IV).

4.     As of the Petition Date, Basa owned three real properties, including the Real Property, Damaca presently owns two real properties, and Shepherd presently owns two real properties.  On March 16, 2022, Banegas placed Shepherd into a chapter 11 (case no. 22-12083-EPK) and Damaca into a chapter 11 (case no. 22-12084-EPK).  All the real properties were acquired with Stanley's money and have no secured debt except delinquent real property taxes, a relatively nominal contractor lien, and in once instance, a claim by a company either related to Banegas or one to which he owes money such that he tried to swap a lien against one of Basa's properties to clear his personal debt [ECF 1, Schedule D, 2.7, Veronel 15, LLC, though Banegas testified at the Basa 341 that no lien or secured interest has ever been recorded in favor of Veronel

15, LLC].  Pursuant to a recent subpoena, Veronel 15, LLC has just produced its loan document for Basa, which reflects the loan is unsecured.  The same production from Veronel 15, LLC reflects that the funds purportedly loaned to Basa were provided by Veronel 15, LLC directly to Shepherd.

5.       This bankruptcy is essentially a two-party dispute.  Absent the property taxes and the purported Veronel 15, LLC obligation (which is avoidable because Basa received none of the funds), Basa discloses a handful of credit card debt that Stanley believes either does not belong to Basa or is in Basa's name but was not incurred for Basa's benefit (under investigation), and a prior law firm representing Banegas and the entities in the State Court Proceeding.

6.       Banegas' primary defense in the State Court Proceedings is that Stanley's $1.2 million were "gifts" such that Stanley has no claims against him, Basa, the other entities, or any of the real properties, including the Real Property.

C.   Basa was Judicially Defaulted and the Real Property is Subject to an Active Lis Pendens.

7.       On October 21, 2021, the court in the State Court Proceedings entered a judicial default against Basa, Shepherd, and Damaca.  A copy is attached as Exhibit "B."

8.       On June 14, 2018, Stanley recorded her Notice of Lis Pendens against all of the real properties owned by Basa, Damaca, and Shepherd, including against the Real Property.  That Notice of Lis Pendens is attached as Exhibit "C."  On February 26, 2021, the court in the State Court Proceedings entered an order extending or reimposing the Notice of Lis Pendens "for the duration of litigation." That order is attached as Exhibit "D."  The Notice of Lis Pendens discloses that the nature of the relief sought by Stanley as to the Real Property is "a declaration of [Stanley's] beneficial ownership interest in the property," and "the imposition of a constructive trust over and on" the Real Property.  Exhibit "C," p.2, #(e).

D.   The Active Lis Pendens Protects Stanley's Claim to Ownership of the Real Property.

9.       Under Florida law, a notice of lis pendens "protects the lis-pendens proponent's interest both from extinguishment and from any impairment from intervening liens." *Medical Facilities Dev., Inc. v. Little Arch Creek Props., Inc.*, 675 So.2d 915, 917 (Fla. 1996) (citing *Chiusolo v. Kennedy*, 614 So.2d 491, 492 (Fla. 1993)); *see also Menotte v. Pulte (In re Martin)*, 278 B.R. 634, 641 (Bankr. S.D. Fla. 2002) (same).   A lis pendens limits the property owner's ability to sell or mortgage the property.  *Id.*; *see also Jallali v. Knightsbridge Village Homeowners Assoc., Inc.*, 211 So.3d 216, 219 (Fla. 4th DCA) ("Therefore, the court presiding over the action which created the lis pendens has exclusive jurisdiction to adjudicate any encumbrances or interest

in the subject property from the date of the lis pendens is recorded to the date it enters final judgment."), *rev. denied*, 2017 WL 2559143 (Fla. June 13, 2017).  While the recordation of a lis pendens does not create a lien on the real property, such recordation does, however, put the world on notice of the claimant's equitable claim to the property, providing the claimant with "an interest superior to that of a hypothetical future bona fide purchaser.  In other words, the trustee as hypothetical bona fide purchaser cannot avoid [the claimant's] interest in the property as to which the notices of lis pendens were filed.  Of course, had [the claimant] failed in his state court litigation, the notice of lis pendens would collapse under their own weight and the trustee would prevail.  That is not what happened here."  *In re Whitehead*, 399 B.R. 570, 573 (Bankr. S.D. Fla. 2009) (lis pendens not avoidable, stay relief granted to claimant to pursue ownership claims in state court).

10.    The trial in the State Court Proceedings was scheduled for March of 2022 wherein Stanley would pursue her claims, including for ownership of the Real Property.  A judicial default on its own does not entitle a plaintiff to all relief sought without evidentiary proof that here was set for a trial.  Due to Basa's bankruptcy filing, Stanley's claims against Basa in the State Court Proceedings are stayed (for now).  Stanley sought the appointment of a receiver in the State Court Proceedings, but those attempts were denied largely because the court in the State Court Proceedings ruled that the Notice of Lis Pendens protected Stanley's asserted interests and the trial was imminent (thought ended up being postponed due to Covid-19).

11.    As of the Petition Date, the Real Property could not be sold pending the trial and the resolution of Stanley's claims to the Real Property due to the Notice of Lis Pendens in the State Court Proceedings.  Basa cannot now trying to accomplish here what Basa could not legally do in the State Court Proceedings and sell the Real Property, much less to do so "for the benefit of the Debtor [Basa]" and "to partially fund the Plan which it intends to file."  [ECF 36, #2].  As of the Petition Date, Basa was at the end of the line, unable to sell the Real Property, and likely about to lose ownership of the Real Property, or having Stanley's claims deemed fully secured against it. Basa seeks to ignore the protections afforded to Stanley by the Notice of Lis Pendens, and try to use this chapter 11 bankruptcy to end-run the Notice of Lis Pendens and sell the Real Property instead, and to do so almost immediately after the Petition Date, and well before the filing of any as yet-undisclosed "Plan" which will undoubtedly include administrative expenses and other items

that do not take priority over Stanley's claims to, in, and against the Real Property as they remain presently.

12.     Basa's Application presumes that Basa has the right to sell the Real Property. Given the Notice of Lis Pendens, Basa has no authority to do so at this time. Stanley does not consent to the Real Property being listed or sold. Stanley wants the Real Property herself. Stanley's money was used to acquire it. As set forth below, no need presently exists to sell the Real Property. Basa seems to want to do so to either fund administrative expenses to which Stanley vigorously objects given her ownership claims, or to pay creditors, of which Stanley is either all or the 95%-plus recipient. Stanley does not want the Real Property sold at this time.

E.     The Real Property is no Burden to Basa and No Need Exists to Sell It.

13.     The Real Property is not a burden to Basa. The two years of back-due real estate taxes are approximately four months of rental income. Apart from the real estate taxes, no secured debt exists against the Real Property apart from the claims of Stanley. The leases are current and those payments are more than sufficient to maintain the Real Property. Basa has no need to sell the Real Property such that the Court should consider forcing a sale against Stanley's will.

F.     Fernandez is not Disinterested.

14.     Basa, with no legal authority or order of the Court, has listed the Real Property on MLS with three different brokers since the Petition Date. The MLS summary for the Real Property is attached as Exhibit "E."

15.     The Debtor's initial Application for Employment of Real Estate Broker at ECF 26, filed on March 2, 2022, asks the Court to approve the hiring of Liliana Hernandez, but Hernandez actually had the Real Estate under an active MLS listing as of March 1, 2022 at $324,900, with a fully executed listing agreement dated February 24, 2022 attached to ECF 26. Paragraph 8(d) of her listing agreement affords her a right to a commission upon *any* sale (procured by her or not), which entitlement in paragraph 1 runs through August 24, 2022. Unless and until a written modification or cancellation waiving this right is executed, Hernandez still has a right to a commission from any sale through August 24, 2022. Basa has never disclosed this to the Court or to any interested party.

16.     On March 4, 2022, while Hernandez's application was still pending with the Court (with no disclosure she already had an active MLS listing the day before her Application was even

filed), Banegas himself then put the Real Property under active MLS listing, for $374,900. Again, Basa has never disclosed this to the Court or to any interested party.

17.     Then, on March 8, 2022, the day before the filing of the instant Application for Fernandez, Fernandez had an active MLS listing on the Real Property for $375,000. While the Application for Fernandez does not attach any actual or proposed listing agreement (and no listing price), brokers cannot list on MLS without a fully executed listing agreement. Fernandez's listing agreement is most likely in the same as Hernandez's, which is the standard Florida contract. Thus, as of at least March 8, 2022, Fernandez very likely has the same commission rights as Hernandez against the commission of any future sale of the Real Property, presumably within the 6 months following March 8, 2022, if that is when the real estate contract was signed. Once again, Basa has not disclosed this to the Court or to any interested party.

18.     Against such, Fernandez's Sworn Declaration at paragraph 4 provides as of March 8, 2022 that "[w]e have no connections with the Debtor, creditors, or any other party in interest . . . ." This is flatly inaccurate given Fernandez had an active MLS listing for the Real Property as of this same date. The failure to disclose such with respect to Fernandez alone merits the Court's deny of the Application. *See In re Gulf Coast Orthopedic Center*, 265 B.R. 318, 322-23 (Bankr. M.D. Fla. 2001).

19.     Under Florida law, when a broker has an active listing on MLS, the broker has claims against commissions of any future brokers' commissions unless that broker's listing agreement is modified to reflect a waiver. None of that has happened here that at least has been disclosed. And even absent a listing agreement or outside the reach of the listing agreement's term or protection period (none is filled in on Hernandez' agreement), the broker has independent claims under the procuring cause doctrine in any subsequent sales by another broker. Thus, all three of these brokers presently have claims against the proceeds of any sale of the Real Property. *E.g. South Pacific Enterprises, Ltd. P'ship v. Cornerstone Realty, Inc.*, 672 So.2d 568, 570 (Fla. 4th DCA), *rev. denied*, 682 So.2d 1100 (Fla. 1996); *Coast to Coast Real Estate, Inc. v. Waterfront Properties, Inc.*, 668 S.2d 686, 687 (Fla. 4th DCA), *rev. denied*, 680 So.2d 426 (Fla. 1996). Fernandez is not disinterested, as is required for him to be hired under Federal Rule of Bankruptcy Procedure 2014 and 11 U.S.C. § 327. A motion to dismiss, to convert to a chapter 7, or to appoint a trustee is forthcoming. But at the present time, Fernandez's lack of disinterestedness should preclude the Court granting the Application or making any further inquiry.

G. <u>Fernandez is not Qualified.</u>

20.      Stanley is concerned that despite a lack of disclosures by Fernandez of his claims against the estate in the Application, that Fernandez is not qualified to list the Real Property. Fernandez works in Miami with the bulk of his listings in Miami and in Pembroke Pines.  The Real Property is a residential duplex in West Palm Beach.  The West Palm Beach market is not the Miami or Pembroke Pines market.  Additionally, Fernandez's MLS reflects he has only sold 17 properties in the last 365, which Stanley believes is poor given the current real estate market.

H. <u>The Real Property's Two Active Leases Negatively Impairs its Value.</u>

21.      Finally, the Real Property is encumbered by two leases running through August 15, 2022 [ECF 1, Schedule G, 2.1, page 19].  A buyer seeking to purchase the Real Property to live in one or both of the units cannot obtain traditional financing with active leases.  Traditional lenders require buyers to take occupy within 30-60 days, which is not possible here.  Potential investors usually do not wish to take occupied residential units with leases from prior owners.  For these reasons, the Real Property is best marketed vacant with no leases.  Listing, showing, and selling residential real property that is tenant-occupied is cumbersome and rarely recommended.  Absent a cancelation of these leases and the tenants vacating, that is not possible until after August 15, 2022.  The Real Property cannot meet its highest potential sales price at this time such that is should not be listed.

22.      For all of these reasons, the Court should deny the Application.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice before this Court set forth in local Rule 2090-1(A).

I HEREBY CERTIFY that a copy of the foregoing has been furnished this 21st day of March, 2022 to all parties in interest by CM/ECF Notice.

**FENDER, BOLLING AND PAIVA, P.A.**

/s/ G. Steven Fender
G. STEVEN FENDER, ESQ.
Florida Bar No. 060992
*Attorney for Amy Stanley*
P.O. Box 1545
Ft. Lauderdale, FL 33302
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com

## <u>SERVICE LIST</u>

**<u>Electronic Mail Notice List</u>**

Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee

Heidi.A.Feinman@usdoj.gov

Laudy Luna on behalf of Debtor Basa Investments LLC

ll@crllawgroup.com, jbr@crllawgroup.com

Office of the US Trustee

USTPRegion21.MM.ECF@usdoj.gov

Hampton Peterson, Esq on behalf of Creditor Palm Beach County Tax Collector

legalservices@PBCTax.com

Maria Yip

trustee@yipcpa.com, mmy@trustesolutions.net;cmmy11@trustesolutions.net

# Exhibit "A"

Filing # 94436619 E-Filed 08/20/2019 11:20:36 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION (Div. AB)

CASE NO.: 50 2018 CA 007548 XXXX MB

Amy Stanley,

        Plaintiff,

v.

ARIEL Banegas, LEADER
REALTY, INC. *f/k/a Rhino Realty,
Inc.*, DAMACA INVESTMENTS
LLC, BASA INVESTMENTS, LLC
and SHEPHERD REALTY
INVESTMENTS, INC.,

        Defendants.

_____/

## FOURTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, AMY STANLEY (hereinafter referred to as "Mrs. Stanley"), by and through her undersigned attorneys, hereby sues the Defendants, ARIEL BANEGAS (hereinafter referred to as "Banegas"), and four companies of which Banegas has apparent ownership, LEADER REALTY, INC. f/k/a Rhino Realty, Inc. (hereinafter referred to as "Leader Realty"), DAMACA INVESTMENTS LLC (hereinafter referred to as "Damaca"), BASA INVESTMENTS, LLC (hereinafter referred to as "BASA") and SHEPHERD REALTY INVESTMENTS, INC. (hereinafter referred to as "Shepherd"), and in support thereof, states as follows:

### Jurisdiction, Venue, and Parties to This Action

1.      This is a civil action for damages and other relief where the principal

amount in controversy exceeds $15,000.00 exclusive of interest, cost, and attorneys' fees.

2.      At all times material, the Plaintiff, Amy Stanley, was and is a resident of the Commonwealth of Virginia, and she is *sui juris*.

3.      At all times material, the Defendant, Ariel Banegas, was and is a resident of Palm Beach County in the State of Florida and is *sui juris*.

4.      The Defendant, Leader Realty *f/k/a Rhino Realty,* is an active Florida Real Estate Corporation formed under the laws of the State of Florida, with its principal place of business in Palm Beach County, Florida.   At all relevant times, Banegas was the President and sole officer of Leader Realty.

5.      The Defendant, Damaca, is a Limited Liability Company, formed under the laws of the State of Florida with its principal place of business in Palm Beach County, Florida.   At all relevant times Banegas was and remains the Managing Member of Damaca, and Mrs. Stanley was and remains the investing member.

6.      The Defendant, BASA, is a is a Limited Liability Company, formed under the laws of the State of Florida with its principal place of business in Palm Beach County, Florida.  At all relevant times Banegas was and remains the Managing Member of Damaca, and Mrs. Stanley was and remains the investing member.

7.      The Defendant, Shepherd, is a corporation formed under the laws of the State of Florida with its principal place of business is in Palm Beach County, Florida. The Defendant Banegas is the President and sole officer of Shepherd.

8.      Palm Beach County, Florida is the proper venue for this action because Mrs. Stanley's causes of action accrued in Palm Beach County, Florida, and all

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (561) 232-2222

Defendants reside in Palm Beach County, Florida.

**Factual Background**

9.      On or about March, 2017, Mrs. Stanley and Mr. Banegas met at a real estate convention in Las Vegas, Nevada.

10.      Shortly thereafter Mrs. Stanley and Mr. Banegas commenced a personal and business relationship.  At the time, Banegas' savings were approximately $5,000, while Mrs. Stanley had savings of approximately $1 Million.  Banegas saw this as a golden opportunity, and notwithstanding that they were each married, he pursued Mrs. Stanley.

11.      Mr. Banegas set out to gain Mrs. Stanley's trust, and he succeeded in doing so.  In April of 2017, after he had gained a position of trust and confidence with Mrs. Stanley, Mr. Banegas induced Mrs. Stanley to make a series of loans and investments totaling approximately $1,200,000, some of which Mrs. Stanley borrowed. All of these loans and investments were made for the purpose of investing in Florida real estate.

12.      The verbal agreement which Mr. Banegas and Mrs. Stanley had was that they were going to buy, renovate, and then sell real properties, basically "flipping" them, each within months of each purchase.  A copy of each deed to each property is attached hereto, and marked as Composite Exhibit "A."

13.      The parties created a partnership in which Ms. Stanley would provide the monies toward the purchase and maintenance of properties, and Mr. Banegas would provide "sweat equity" in the form of using Ms. Stanley's monies to purchase and renovate the properties, in order to sell the properties for profit.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (561) 232-2222

14.     The discussions and the actions among the parties established that there was a partnership.  This is evidenced by the acts of the parties in purchasing properties in the years 2017 and 2018.

15.     For example, the Defendant, BASA, was formed in 2017, in order to purchase properties, pursuant to the partnership between the parties.

16.     BASA stands for "Banegas Ariel and Stanley Amy".

17.     Below is a chronological list of all the properties which were purchased by Mrs. Stanley pursuant to the partnership with Mr. Banegas.

**First Real Property – Dr. Martin Luther King, Jr. Blvd., West Palm Beach**

18.     On April 12, 2017, Mr. Banegas purchased the First Property (hereinafter referred to as the "First Property") with Mrs. Stanley's money, and the title the First Property was put in BASA's name.

19.     The First Property was located at 748 Dr. Martin Luther King, Jr. Blvd., West Palm Beach, Florida  33404.  It has a legal description of being a parcel located in Palm Beach County, Florida more particularly described as "INLET CITY LTS 22 & 23 BLK 21."

20.     As part of the partnership, the parties agreed that upon the sale of the First Property, Banegas was to receive and keep any and all profits, once Mrs. Stanley received a return of all the monies she loaned to BASA for the purchase and renovations of the First Property.

21.     Therefore, pursuant to their  agreement, Mrs. Stanley paid $80,100 for the property and invested further for the renovations, taxes, and liens.  The monies were paid to Banegas in different amounts when he requested payments.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (561) 232-2222

**Second Real Property – Market Street, West Palm Beach**

22.    On June 7, 2017, as part of their partnership, Mr. Banegas purchased a Second Property (hereinafter referred to as the "Second Property") with Mrs. Stanley's money.    Mrs. Stanley paid $60,500 to purchase the Second Property, which was located at 944 Market Street, West Palm Beach, Florida 33401.    Mrs. Stanley paid additional funds for the purpose of renovations, taxes, and other expenses.

23.    The Second parcel is located in Palm Beach County, Florida more particularly described as "BONNEYVIEW ADD NO 2 SELY 46.5 FT OF LOTS 7 & 8 BLK 7."

24.    The Second Property was and is titled in the name of BASA.

25.    The agreement between Mrs. Stanley and Banegas was that the purchase of the Second Property was the same as the First Property, in that Mr. Banegas was to receive and keep any and all profits, after Mrs. Stanley received a return of all the monies she loaned to BASA for the purchase and renovations of the Second Property.

**Third Real Property – S. Congress Ave., West Palm Beach**

26.    On July 13, 2017, as part of their partnership, Banegas purchased the Third Property (hereinafter referred to as the "Third Property") with Mrs. Stanley's money.    The property was located at 2324 S. Congress Ave., 2H West Palm Beach, Florida 33406, for $140,000.    $110,000 of that sum was for the real estate and $30,000 of that money was used to purchase the brokerage company, Rhino Realty, Inc.

27.    Ultimately, Banegas not only purchased the Third Property, but also purchased with Ms. Stanley's monies, Rhino Realty, Inc.    Mr. Banegas then changed

5

the name of Rhino Realty, Inc. to Leader Realty, Inc.  It was always understood and agreed that Mr. Banegas was to solely own Rhino Realty, Inc., and that the $30,000 which Mrs. Stanley paid for the acquisition was to be treated as a loan from her to Mr. Banegas.

28.     The Third property is located in Palm Beach County, Florida, and is more particularly described as "Unit 2E of CONGRESS PARK III, OFFICE CONDOMINIUM, a Condominium according to the Declaration of Condominium thereof, recorded in Official Records Book 3346, Page(s) 1524, of the Public Records of Palm Beach County, Florida, and any amendments thereto, together with its undivided share in the common elements."

29.     The Third Property is titled in the name of Damaca.

30.     At that time, the arrangement had changed from the agreement of the first 2 properties.  The parties agreed verbally that with the Third Property, Mrs. Stanley was to be repaid, first, for the whole $140,000 and the balance of any net profits for the sale of the real estate were to be shared 50:50 between Mrs. Stanley and Banegas as partners.

**Fourth Real Property – Washington Street, Orlando**

31.     On July 14, 2017, per their partnership, Banegas purchased the Fourth Property (hereinafter referred to as the "Fourth Property") with Mrs. Stanley's money. Mrs. Stanley paid for the Fourth Property at the address of 3479 W. Washington Street, Orlando, Florida 32805, more particularly described as being in Orange County, Florida, "Lots 116 and 117, Block G, MERRY MOUNT, according to the plat thereof, as recorded in Plat Book N, Page 29, of the Public Records of Orange County, Florida."

6

32.     The Fourth Property is titled in the name of BASA.

33.     The arrangement had changed from the first two properties, in that, with the Fourth Property as with the Third Property, Mrs. Stanley was to be repaid, first, and the balance of any net profits were to be shared 50:50 between Mrs. Stanley and Banegas.

**Fifth Real Property – 25th Street, Orlando**

34.     On July 14, 2017, as part of the partnership, Mr. Banegas purchased the Fifth Property (hereinafter referred to as the "Fifth Property") with Mrs. Stanley's money for $69,600, with the address of 1217 25th Street, Orlando, Florida 32805, more particularly described as being in Orange County, Florida, "Lot 11 and that part of Lot 12, Block 39, Angebilt Addition as recorded in Plat Book H, Page 79, of the Public Records of Orange County, Florida, more particularly described as follows: Commence at the SE corner of Lot 11, run Northerly 13.85 feet along the Easterly line of said Lot 11 to the point of beginning, thence run Easterly 8.33 feet, thence run Northerly 40.2 feet, thence run Westerly 7.90 feet, thence run Southerly 40.2 feet along the Easterly line of Lot 11 to the point of beginning."

35.     The Fifth Property was titled in the name of BASA.

36.      The agreement with this property was the same as the previous two properties, in that Mrs. Stanley was to be repaid, first, all the monies she invested, and the balance of any net profits, if any, were to be shared 50:50 between Mrs. Stanley and Banegas.

37.     In fact, Mr. Banegas had made a mistake in purchasing the Fifth Property, as he was not aware that it was simply a building lot, as the house which had been on it

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (561) 232-2222

had been torn down.  Eventually, after the 6th, 7th, and 8th properties were purchased, for the partnership, the property was sold for $27,500.  As that amount was less than the $69,600 which Mrs. Stanley invested, according to their agreement, all of the amount realized by that sale was to be paid to Mrs. Stanley.

38.    When Mrs. Stanley asked Mr. Banegas to be paid the proceeds of the sale, he refused to pay her any monies.

39.    This was the first time that Mrs. Stanley became aware that Mr. Banegas was not to be trusted, and that he was planning to take all the properties for himself and simply refuse to pay her, in contravention of their agreement.

40.    Unfortunately, this did not occur and was not learned until after Mrs. Stanley paid to buy the following additional properties.

**Sixth Real Property – 9th Court, West Palm Beach**

41.    On November 1, 2017, as part of their partnership, Banegas purchased the Sixth Property (hereinafter referred to as the "Sixth Property") with Mrs. Stanley's money.  The price was $62,100.  It had the address of 1342 9th Court, West Palm Beach, Florida 33401, more particularly described as being in Palm Beach County, Florida, "ROOSEVELT ESTATES LT 18 BLK 16."

42.    The Sixth Property is titled in the name of Shepherd.

43.    The arrangement had changed with the Sixth Property from the first 5 properties purchases as part of the partnership.

44.    For the Sixth Property, Mrs. Stanley was to be repaid, first, and the balance of any net profits was to be 100% the property of Mrs. Stanley.

45.    Mr. Banegas agreed that he would not share in any proceeds of any sale.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (561) 232-2222

**Seventh Real Property – Burch Drive, West Palm Beach**

46.     On November 1, 2017, as part of the partnership, Banegas purchased the Seventh Property (hereinafter referred to as the "Seventh Property") with Mrs. Stanley's money.  Mrs. Stanley purchased the Seventh Property for $136,400, and the address was 828 Burch Drive, West Palm Beach, Florida 33415, more particularly described as being in Palm Beach County, Florida, "BURCH SUB LT C."

47.     The Seventh Property is titled in the name of Shepherd.

48.     Like the Sixth Property, the parties agreed that Mrs. Stanley was to be repaid, first, and the balance of any net profits were to be 100% the property of Mrs. Stanley.

49.     Banegas agreed that he would not share in any proceeds of any sale.

**Eighth Real Property – W. Atlantic Ave., Delray Beach**

50.     On November 30, 2017, as part of the partnership, Mr. Banegas purchased the Eighth Property (hereinafter referred to as the "Eighth Property") with Mrs. Stanley's money.   Mrs. Stanley paid $240,000, and the address was 5329 W. Atlantic Ave., Unit B5 in Delray Beach, Florida 33484, more particularly described as being in Palm Beach County, Florida, "Unit No. B-5 of Executive Square Plaza, a Condominium, according to the Declaration of Condominium recorded in O.R. Book 16147, Page 341, and all exhibits and amendments thereof, Public Records of Palm Beach County, Florida."

51.     The Eighth Property is titled in the name of Damaca.

52.     This Property was purchased by Mr. Banegas, using Mrs. Stanley's monies, through the brokerage company, Leader Realty.

9

53.    The agreement had changed with the Eighth Property, as it reverted back to the same agreement as with the Third, Fourth, and Fifth Properties, as Mrs. Stanley was to be repaid, first, and the balance of any net profits were to be divided 50:50 between Mrs. Stanley and Mr. Banegas.

**The Partnership**

54.    By and through the agreements between Mrs. Stanley and Mr. Banegas (who was at all times acting on behalf of Leader Realty, Damaca, BASA, and Shepherd), which are more specifically described in Paragraphs 4 through 7, above, Mrs. Stanley and the Defendants began to operate as a partnership beginning in April 2017.

55.    Mrs. Stanley and Banegas, who was acting on behalf of the other Defendants, established a partnership to purchase, renovate, and sell the eight properties, in order to make a profit.

56.    The plan was that, to protect Mrs. Stanley, each of the properties were to be put in a corporation or an LLC, so that there could be no personal liability related to the ownership of the properties.  That way, if Mr. Banegas would have caused some liability, such as by leaving a dangerous condition which could cause a trip and fall, Mrs. Stanley would be protected from any liability by being only a shareholder of a Florida company or member of a Florida LLC.

57.    The partnership agreement was that Mrs. Stanley would invest in each of the properties which Mr. Banegas purchased with her money, and the way that profits from the investments were to be divided were expressed verbally for each of the properties.  The establishment of the corporate defendants and the placement of the

10

properties into each of the corporate defendants' names was in furtherance of the agreement whereby the Mrs. Stanley would provide funds to purchase and develop real properties, the properties were to be flipped, and the profits gained from each venture was to be divided as specified for each property.

58.     Mr. Banegas and the other Defendants' interests in the eight Properties were founded on the "sweat equity" which Mr. Benegas was to put into the eight Properties, to wit: the Banegas, by and through the Defendants were tasked with using Mrs. Stanley's monies to purchase and renovate the properties, and then then Banegas, by and through the Defendants would go on to flip each of the Properties for a profit. This was with the exception of the Third Property, which Mr. Benegas was to be permitted to rent, provided that the funds obtained from renting the premises and eventually for the sale would be paid 100% to Mrs. Stanley toward the repayment of the funds which Mrs. Stanley invested in the property.  The balance of any profits were to be paid 50% to Mrs. Stanley, and 50% to Mr. Banegas

59.     As such, Mrs. Stanley and Banegas, as well as the Defendants were sharing in the actual profits of the partnership by way of their business agreements.

60.     On each of the properties, Mrs. Stanley paid for renovations, repairs, furnishings, and other expenses.  Attached as Exhibit "B" is a balance sheet showing all of Mrs. Stanley's payments to the Defendants, who were set up by Banegas to purchase the properties.

61.     At all material times, Banegas was acting within the scope of his employment or his office in each of the corporate defendants.

62.     The first payment Mrs. Stanley made to the Defendants was on April 3,

11

2017 in the amount of $150,000.00.

63.    The second payment Mrs. Stanley made to the Defendants was on April 18, 2017 in the amount of $142,000.00.

64.    The third payment Mrs. Stanley made to the Defendants was on June 7, 2017 in the amount of $150,000.00.

65.    The fourth payment Mrs. Stanley made to the Defendants was on June 12, 2017 in the amount of $175,000.00.

66.    The fifth payment Mrs. Stanley made to the Defendants was on July 20, 2017 in the amount of $25,000.00.

67.    The sixth payment Mrs. Stanley made to the Defendants was on September 19, 2017 in the amount of $200,000.00.

68.    The seventh payment Mrs. Stanley made to the Defendants was on November 6, 2017 in the amount of $10,000.00.

69.    The eighth payment Mrs. Stanley made to the Defendants was on November 6, 2017 in the amount of $50,000.00.

70.    The ninth payment Mrs. Stanley made to the Defendants was on November 17, 2017 in the amount of $188,000.00.

71.    The tenth payment Mrs. Stanley made to the Defendants was on November 28, 2017 in the amount of $5,000.00.

72.    The eleventh payment Mrs. Stanley made to the Defendants was on December 14, 2017 in the amount of $3,000.00.

73.    The twelfth payment Mrs. Stanley made to the Defendants was on December 15, 2017 in the amount of $3,000.00.

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (561) 232-2222

74.    The thirteenth payment Mrs. Stanley made to the Defendants was on January 16, 2018 in the amount of $8,232.00.

75.    The fourteenth payment Mrs. Stanley made to the Defendants was on January 25, 2018 in the amount of $2,470.00.

76.    The fifteenth payment Mrs. Stanley made to the Defendants was on January 25, 2018 in the amount of $10,000.00.

77.    The sixteenth payment Mrs. Stanley made to the Defendants was on January 31, 2018 in the amount of $20,000.00.

78.    The seventeenth payment Mrs. Stanley made to the Defendants was on February 9, 2018 in the amount of $15,000.00.

79.    The eighteenth payment Mrs. Stanley made to the Defendants was on February 16, 2018 in the amount of $20,000.00.

80.    Mrs. Stanley made a series of other small payments to the Defendants.

81.    Banegas fraudulently induced Mrs. Stanley into taking silent ownership interest in the investment properties and represented to Mrs. Stanley that her investment was not only protected as an interest in the real property, but also as "loans" to the owning business entities.

**The Business Relationship Decline**

82.    After the Eighth Property was purchased, Mrs. Stanley advised that she was running out of money.  Very shortly after that, Mr. Banegas sold the Fifth Property for $27,500, which was far less than the $69,600 which Mrs. Stanley paid for the property.

83.    After the sale of the Fifth Property, Mrs. Stanley asked Mr. Banegas to

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (561) 232-2222

return the money she contributed toward that property, and Banegas refused.  At that point, it first became evident, and Mrs. Stanley realized, that she had been manipulated and stripped of all the money Mrs. Stanley paid to Mr. Banegas.

84.     Despite demand from Mrs. Stanley, Mr. Banegas has refused to return Mrs. Stanley's monies.

85.     Despite demand from Mrs. Stanley, Mr. Banegas has refused to transfer the investment properties to Mrs. Stanley or deal with them in any way, other than to rent them and to collect and keep all of the rent monies.  Mrs. Stanley has received no payments or benefit of any kind from her investments into the properties.

86.     All conditions precedent to the filing of this action have been performed, excused, discharged, satisfied, or waived.

87.     Mrs. Stanley has retained the undersigned attorneys to represent her in this action and is required to pay them reasonable attorneys' fee for their services.

## Count I - - Breach of Oral Contract

88.     Mrs. Stanley avers the allegations in Paragraphs 1 through 86, above, and incorporates them in this Count by reference as though fully restated herein.

89.     Pursuant to Mrs. Stanley's oral contract with Mr. Banegas, Mrs. Stanley made a series of loans/investments to the Defendants for the purpose of purchasing Florida investment properties.

90.     Mr. Banegas agreed at all times that the monies received from Mrs. Stanley were loans/investments.

91.     Mr. Banegas agreed at all times that the loan monies received from Mrs. Stanley would be repaid.

14

92.     Despite demand from Mrs. Stanley, Mr. Banegas has refused to return or repay any of over $1,200,000 in loan money to Mrs. Stanley.

93.     As a result of Mr. Banegas' breach by failing to pay the amounts due and owing*,* Mr. Banegas owes Mrs. Stanley over $1,200,000 plus the amount of half the net proceeds as detailed above.

WHEREFORE, the Plaintiff, AMY STANLEY, asks this honorable Court for a judgment against Defendants, ARIEL BANEGAS, LEADER REALTY, INC. f/k/a Rhino Realty, Inc., DAMACA INVESTMENTS LLC, BASA INVESTMENTS, LLC and SHEPHERD REALTY INVESTMENTS, INC., for damages exceeding $15,000 plus pre-judgment interest, costs, and such other and further relief that this Court may deem just and equitable.

## Count II - - Unjust Enrichment

94.     Mrs. Stanley avers the allegations in Paragraphs 1 through 86, above, and incorporates them in this Count by reference as though fully restated herein.

95.      Mrs. Stanley has conferred benefits amounting to over $1,200,000.00 on the Defendants by paying all of the money necessary to acquire the investment properties located in Palm Beach County and Orange County.

96.     The Defendants voluntarily accepted and retained the benefits conferred upon them by Mrs. Stanley and Mrs. Stanley's money.

97.     The circumstances render the Defendants' retention of the benefits conferred by Mrs. Stanley inequitable unless the Defendants pay Mrs. Stanley for the value of the benefits conferred.

15

WHEREFORE, the Plaintiff, AMY STANLEY, asks this Honorable Court for a judgment against Defendants, ARIEL BANEGAS, LEADER REALTY, INC. f/k/a Rhino Realty, Inc., DAMACA INVESTMENTS LLC, BASA INVESTMENTS, LLC and SHEPHERD REALTY INVESTMENTS, INC., for damages exceeding $15,000 plus pre-judgment interest, costs, and such other and further relief that this Court may deem just and equitable.

### Count III - - Declaration of Resulting Trust

98.    Mrs. Stanley avers the allegations in Paragraphs 1 through 86, above, and incorporates them in this Count by reference as though fully restated herein.

99.    This is an action to impose a resulting trust on the investment properties located in Palm Beach County and Orange County.

100.    The Defendants acquired the investment properties while Mr. Banegas and Mrs. Stanley intended to create a trust relationship.

101.    Although the parties intended to create a trust relationship when they acquired the investment properties, the parties failed to execute documents creating or establishing evidence of that intent to create a trust.

102.    The Defendants have paid little or no monetary expense related to any of the investment properties.

103.    Mrs. Stanley paid for all of the eight properties and all  or the majority of the expenses dealing with them.  In total, Mrs. Stanley paid in excess of $1,200,000 for the properties, plus expenses.

104.    As a result, Mrs. Stanley seeks a declaratory judgment: (a) that Mrs. Stanley is the beneficial owner of all the investment properties 1 through 8, identified

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (561) 232-2222

above, (b) that Mrs. Stanley has the right to quiet title to the investment properties, (c) that Mrs. Stanley has a lien against and may foreclose on the investment properties, and (d) that the investment properties are being held in a resulting trust for Mrs. Stanley.

WHEREFORE, the Plaintiff, AMY STANLEY, asks this Honorable Court to determine that the Investment Properties 1 through 8, as described above be determined to be in a resulting trust for the benefit of the Plaintiff, AMY STANLEY, awarding her costs in this action plus any such other relief as this Court may deem just and proper.

### Count IV - - Constructive Trust

105.    Mrs. Stanley avers the allegations in Paragraphs 1 through 86, above, and incorporates them in this Count by reference as though fully restated herein.

106.    This is an action to impose an implied constructive trust on the investment properties located in Palm Beach County and Orange County.

107.    The Defendants acquired the investment properties while Mr. Banegas and Mrs. Stanley were in a relationship and intended to create a trust relationship.

108.    Although the parties intended to create a trust relationship when they acquired the investment properties, the parties failed to execute documents creating or establishing evidence of that intent to create a trust.

109.    Mr. Banegas gave assurances to Mrs. Stanley and made repeated promises that she was the beneficial owner of the investment properties and would receive proceeds therefrom.    Mr. Banegas  assured Mrs. Stanley that the properties were hers, all while he had every intention of eventually keeping all of them for himself under a guise of Mrs. Stanley having given him a gift.  Hence, he never offered to

17

provide any written agreements, and instead nurtured a love based on trust.

110.    Mr. Banegas, Leader Realty, BASA, and Shepherd have paid little or no monetary expense related to any of the investment properties.

111.    The Defendants have been receiving rental payments on the investment properties, and the Defendants refuse to turn those properties or even the rents over to Mrs. Stanley.

112.    Mrs. Stanley paid the full amount on each and every investment property plus monies for restoration and incidentals, and they added up to more than $1,200,000 while Mr. Banegas treated all the investment properties as his own.

113.    In continuing to make investment payments to Mr. Banegas, Mrs. Stanley relied upon Mr. Banegas' conduct with regard to ownership of the property.

114.    Mrs. Stanley and Mr. Banegas' relationship disintegrated and Mr. Banegas began to fabricate claims that he and the business Defendants were the true owners of the investment properties.

115.    Mr. Banegas violated the trust and confidence placed in him by Mrs. Stanley, and Mr. Banegas should be stopped from claiming true ownership, as he would be unjustly enriched at the expense of Mrs. Stanley if the investment properties were to remain in his name.

116.    Mrs. Stanley is requesting a constructive trust to include all investment properties, to avoid further unjust enrichment by the Defendants.

117.    The imposition of an implied constructive trust is the appropriate remedy to do justice in this matter, as it restores the property to the true owner and prevents unjust enrichment.

18

WHEREFORE, Plaintiff, AMY STANLEY, asks this honorable Court for a declaratory judgment that the Defendants, ARIEL BANEGAS, LEADER REALTY, INC. f/k/a Rhino Realty, Inc., DAMACA INVESTMENTS LLC, BASA INVESTMENTS, LLC and SHEPHERD REALTY INVESTMENTS, INC., have been unjustly enriched, imposing an implied constructive trust on the investment properties, and for such further and other relief that this Court may deem just and proper.

### Count V - - Florida Revised Uniform Partnership Act

118.   Mrs. Stanley avers the allegations in Paragraphs 1 through 87, above, and incorporates them in this Count by reference as though fully restated herein.

119.   This Count is brought under the Florida Revised Uniform Partnership Act, pursuant to Florida Statute § 620.8405(2)(a) and § 620.8405(2)(b)(3).

120.   Mrs. Stanley and Mr. Banegas formed a partnership by their oral agreement in that they were going to carry on as co-owners the business of purchasing tax deeds, owning the real property, renovating, and "flipping" (reselling) the 8 real properties indicated above, for profit.  The partnership was formed upon the purchase of the Tax Deed for Property No. 3.

121.   Previously, on behalf of Mrs. Stanley and himself, Mr. Banegas formed BASA for the purpose of purchasing and holding Property No. 1 and Property No. 2, which had not been intended for a partnership at that time.  However, upon the purchase of Property No. 3, the arrangement changed, and Mrs. Stanley and Mr. Banegas agreed that BASA, which was already to have been owned equally by Mrs. Stanley and Mr. Banegas was to be used by them to purchase and hold properties for which they would as a partnership, in that they had agreed that they would share profits

19

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (561) 232-2222

from the sale of the properties.

122.    The parties subsequently formed Leader, Damaca, and Shepard, all for the same purpose which BASA had, to purchase tax deeds of real property, to renovate the real property, to flip the real properties, and to distribute the profits after payment to Mrs. Stanley for all which she had invested, and the profits were to be distributed as follows:

        a.  Property No. 1 – All profits were to go to Mr. Banegas;

        b.  Property No. 2 – All profits were to go to Mr. Banegas;

        c.  Property No. 3 – Profits were to be split 50:50;

        d.  Property No. 4 – Profits were to be split 50:50;

        e.  Property No. 5 – Profits were to be split 50:50;

        f.  Property No. 6 – All profits were to go to Mrs. Stanley;

        g.  Property No. 7 – All profits were to go to Mrs. Stanley;

        h.  Property No. 8 - Profits were to be split 50:50.

123.    As a result of their agreement, the Defendants, Mrs. Stanley and Mr. Banegas were partners in a partnership to acquire, manage, and resell residential homes or offices for profit.

124.    Each partner owed the duty of loyalty to each other partner, and to the partnership. Mr. Banegas, by refusing to pay Mrs. Stanley the $27,500 which was received on the sale of Property No. 5, breached his duty of loyalty (Fla. Stat. § 620.8484(1), as he was attempting to take all of the partnership assets for himself.

125.    Moreover Mr. Banegas failed to account to the partnership (Mrs. Stanley) any and all expenses to maintain the aforementioned properties and all the revenue

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (561) 232-2222

obtained from any and all rentals, and to hold as trustee all of the profits and other benefits owed to Mrs. Stanley.

126.  Moreover, Mr. Banegas breached his duty of care (Fla. Stat. § 630.8484(1) in that he failed to resell the properties pursuant to the oral agreement which formed the partnership, and worse, he claims all the properties to be his own, misappropriating the partnership properties.  This also violated the provision in Fla. Stat. § 630.8404(4), as the duty of loyalty and the duty of care were to be exercised with good faith and fair dealing.

127.  The Defendants' violations of these duties have directly and proximately caused Mrs. Stanley damages in excess of $1,200,000.

128.  This Court has the discretion to award Mrs. Stanley attorneys' fees and costs, as the partner prosecuting this action against the Defendants.

WHEREFORE, the Plaintiff, AMY STANLEY, asks this Court to enter a judgment against the Defendant, ARIEL BANEGAS, deeming the partnership between him and AMY STANLEY to be dissolved and to be wound-up requiring that the subject properties of the partnership, which are titled in the names of LEADER REALTY, INC., DAMACA INVESTMENTS LLC, BASA INVESTMENTS, LLC and SHEPHERD REALTY INVESTMENTS, INC., be sold under the purview of this Court, wherein the proceeds of the sale should be distributed in accordance with the oral partnership agreement of the parties; that monies for any further judgments against ARIEL BANEGAS in favor of AMY STANLEY be set aside to satisfy any such judgments; that any rents received and expenses incurred be accounted for and be added to or subtracted to the distributions of all benefits otherwise effecting those amounts; that the Plaintiff receive her

21

reasonable attorneys' fees and costs; and for any and all other relief which this Court may deem just and proper.

### Count VI - - Equitable Accounting

129.    Mrs. Stanley avers the allegations in Paragraphs 1 through 87, above, and incorporates them in this Count by reference as though fully restated herein.

130.    Mrs. Stanley and all Defendants shared a fiduciary relationship by virtue of the $1,200,000 paid by Mrs. Stanley to Mr. Banegas for the acquisition of the investment properties.

131.    Based on the complex business arrangement between the parties, as well as the alleged fraudulent conduct, and the alleged negligent misrepresentations of the Mr. Banegas, the parties are in need for the Court to conduct an equitable accounting.

132.    The parties entered into a series of complex transactions as it relates to the acquisition, management, and work performed regarding the investment properties.

133.    There is an inadequacy of a remedy at law, and this Court should provide an equitable accounting.

134.    Mrs. Stanley made different expenditures and received no income on any investment property, which necessitates an equitable accounting.

135.    Due to the actions of the Defendants, Mrs. Stanley is not privy to information that would allow her to fully asses and calculate her damages with regard to the investment properties.

136.    A partnership accounting triggers the right to attorneys' fees and costs.

WHEREFORE, the Plaintiff, AMY STANLEY, asks this honorable Court to determine the amounts to be disbursed between the parties and enter a Final Judgment

THE TICKTIN LAW GROUP
270 SW NATURA AVENUE, DEERFIELD BEACH, FLORIDA 33441-1610
TELEPHONE: (561) 232-2222

against the Defendants, ARIEL BANEGAS, LEADER REALTY, INC. f/k/a Rhino Realty, Inc., DAMACA INVESTMENTS LLC, BASA INVESTMENTS, LLC and SHEPHERD REALTY INVESTMENTS, INC., requiring a distribution of the proceeds of the 8 Investment Properties described above, awarding attorney's fees, and costs, and for any such other relief as this Court may deem just and proper.

**Count VII - - Breach Of Fiduciary Duty**

137.    Mrs. Stanley avers the allegations in Paragraphs 1 through 86, above, and incorporates them in this Count by reference as though fully restated herein.

138.    Mrs. Stanley and Mr. Banegas shared a relationship when they purchased the investment properties located in Palm Beach County and Orange County, whereby Mrs. Stanley reposed trust and confident in Mr. Banegas and the Defendant companies.

139.    The Defendants undertook Mrs. Stanley's trust, and assumed a fiduciary duty.

140.    The Defendants have breached their fiduciary duties to Mrs. Stanley by retaining all of the rental income from the investment properties.

141.    Mrs. Stanley has suffered substantial damage due to the Defendants' breaches of their fiduciary duties.

WHEREFORE, the Plaintiff, AMY STANLEY, respectfully requests that this Honorable Court enter a Judgment against the Defendants, ARIEL BANEGAS, LEADER REALTY, INC. f/k/a Rhino Realty, Inc., DAMACA INVESTMENTS LLC, BASA INVESTMENTS, LLC and SHEPHERD REALTY INVESTMENTS, INC., for monetary damages, plus all interest accrued, costs, and any other relief this Court may deem just and proper.

23

## Count VIII - - Equitable Lien

142.    Mrs. Stanley avers the allegations in Paragraphs 1 through 86, above, and incorporates them in this Count by reference as though fully restated herein.

143.    This is an action to impose an equitable trust on the investment properties.

144.    Equitable liens are based upon considerations of estoppels or to prevent unjust enrichment.

145.    An equitable lien is an appropriate remedy to be granted by a court of equity, arising by reason of the conduct of the parties affected which entitle one party, as a matter of equity, to proceed against certain properties.

146.    An equitable lien is appropriate in this case, because the Defendants unjustly enriched themselves by acquiring the eight properties and by collecting 100% of the rental proceeds from each property.

147.    Moreover, the Defendants are estopped from claiming ownership or title of the properties, as the Defendants made little to no financial contribution to any or all of the eight properties.

WHEREFORE the Plaintiff, AMY STANLEY, respectfully requests that this Court enter an Order imposing and foreclosing an equitable lien on the subject property, and granting any other relief this Court may deem just and proper.

## Count IX - - Constructive Fraud

148.    Mrs. Stanley avers the allegations in Paragraphs 1 through 86, above, and incorporates them in this Count by reference as though fully restated herein.

149.    Mr. Banegas and the other Defendants, by and through Mr. Banegas's conduct, held themselves out to Mrs. Stanley as ones who could and should be trusted,

24

and based on this trust, Mrs. Stanley entered into a business relationship with them.

150.    The Defendants induced Mrs. Stanley to place her faith and trust in them, and that was followed by Mrs. Stanley accepting the position of trust offered by Mr. Banegas by and through his position as managing member of the corporate Defendants.

151.    All Defendants owed Mrs. Stanley a fiduciary duty to act in good faith, and to take actions that were beneficial with Mrs. Stanley's ownership interests in the investment properties.

152.    The Defendants have breached their fiduciary duties to Mrs. Stanley by retaining the rental income from the investment properties.

153.    The Defendants breaches were committed for the sole purpose of unjustly enriching the Defendants, through deceiving Mrs. Stanley.

154.    In doing so, the Defendants accepted $1,200,000 from Mrs. Stanley, purchased eight properties with that money, and collected all rent proceeds, but never paid Mrs. Stanley any money, nor did the Defendants allow Mrs. Stanley to collect any rent proceeds.

155.    The Defendants breaches of their fiduciary duties rose to the level of constructive fraud.

156.    Moreover, Mr. Banegas participated in the corporate Defendants' deceptive and detrimental behavior, along with engaging in deceptive and detrimental behavior of his own.

157.    Mrs. Stanley has suffered substantial damage due to the Defendants' breaches of their fiduciary duties.

25

WHEREFORE, the Plaintiff, AMY STANLEY, respectfully requests that this Honorable Court enter a Judgment against the Defendants, ARIEL BANEGAS, LEADER REALTY, INC. f/k/a Rhino Realty, Inc., DAMACA INVESTMENTS LLC, BASA INVESTMENTS, LLC and SHEPHERD REALTY INVESTMENTS, INC., for monetary compensatory damages, plus all interest accrued, costs, and any other relief this Court may deem just and proper.

## Jury Trial Demand

The Plaintiff demands a trial by jury on all issues so justiciable.

26

---

### DESIGNATION OF EMAIL ADDRESSES FOR SERVICE
(Pursuant to Rule 2.516 Fla. R. Jud. Admin.)

The undersigned attorneys of The Ticktin Law Group hereby designate the following Email Addresses for service in the above styled matter.  Service shall be complete upon emailing to the following email addresses in this Designation, provided that the provisions of Rule 2.516 are followed.
**Serv554@LegalBrains.com; Serv513@LegalBrains.com**
**SERVICE IS TO BE MADE TO EACH AND EVERY EMAIL ADDRESS LISTED IN THIS DESIGNATION AND TO NO OTHER.**

---

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the e-filing portal, this **20th day of August 2019**, to **HOWARD R. BEHAR, ESQUIRE**, hrb@beharlegal.com, **SAMUEL M. SHELDON, ESQUIRE**, sms@beharlegal.com, **SOPHIA HUDA, ESQUIRE**, shuda@beharlegal.com, and np@beharlegal.com, The Behar Law Firm, P.A., 3323 NE 163rd Street, Suite 402, North Miami Beach, FL 33160-5596, C*ounsel for the Defendants*.


**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441-1610
Telephone: (561) 232-2222

  */s/ Christian Romaguera*
JAMIE ALAN SASSON, ESQUIRE
Florida Bar No. 10802
CHRISTIAN ROMAGUERA, ESQUIRE
Florida Bar No. 1012179

Our Matter No. 19-0192

27

Composite
Exhibit A

MCX

DR-506 R. 04/16
Rule 12D-16.002
Florida Administrative Code
Eff. 04/16

CFN 20170127294
OR Book 29011 Page 0565
Recorded 04/12/2017 12:14:56
Palm Beach County, Florida
AMT: $80,100.00
DOC STAMP $560.70
Sharon R. Bock, Clerk & Comptroller
PGS 1-1

Tax deed file number **234892013**
Parcel ID number **56434232010210220**

## Tax Deed

**Palm Beach County, Florida**

Tax Certificate numbered **23489** issued on **June 1, 2013** was filed in the office of the tax collector of Palm Beach County, Florida. An application has been made for the issuance of a tax deed. The applicant has paid or redeemed all other taxes or tax certificates on the land as required by law. The notice of sale, including the cost and expenses of this sale, has been published as required by law. No person entitled to do so has appeared to redeem the land. On the **12th** day of **April, 2017**, the land was offered for sale. It was sold to **BASA INVESTMENTS, LLC** address **5655 LA QUINTA CT LAKE WORTH, FL 33463**, who was the highest bidder and has paid the sum of the bid as required by law.

The lands described below, including any inherited property, buildings, fixtures, and improvements of any kind and description, situated in this County and State.

Description of lands:

**INLET CITY LTS 22 & 23 BLK 20**

On **April 12, 2017**, in Palm Beach County, Florida, for the sum of (**$80,100.00**) **Eighty Thousand One Hundred** Dollars, the amount paid as required by law.

**Witnesses:**

Lisa Clements
Lisa Clements

Tiffanee Richardson

Sharon R. Bock Clerk & Comptroller
Deputy Clerk, Rebecca Aedo
Palm Beach County, Florida

Palm Beach County, Florida

On this **12th** day of **April, 2017**, before me Deborah A. Compitello personally appeared Rebecca Aedo , a Deputy Clerk for Clerk and Comptroller in and for the State and this County known to me to be the person described in, and who executed the forgoing instrument, and acknowledged the execution of this instrument to be his own free act and deed for the use and purposes therein mentioned.

Witness my hand and office seal date aforesaid.

Deborah C Compitello



DEBORAH A. COMPITELLO
MY COMMISSION # GG 015678
EXPIRES: January 25, 2018
Bonded Thru Budget Notary Services

CFN 20170444925
OR BK 29537 PG 0827
RECORDED 12/18/2017 15:35:35
AMT 240,000.00
Doc Stamp 1,680.00
Palm Beach County, Florida
Sharon R. Bock,CLERK & COMPTROLLER
Pg 0827; (1pg)

This Document Prepared By and Return to:

**Neil Bryan Tygar P.A.**
**5341 W. Atlantic Avenue, Ste 303**
**Delray Beach, FL 33484**

Parcel ID Number: 00-42-46-14-28-002-0050

# Warranty Deed

**This Indenture,** Made this **30th** day of **November** , 2017 A.D. , **Between**
**RT Real Estate Holdings Corporation, a corporation existing under the laws of the State of Florida**
of the County of **Palm Beach** , State of **Florida** , grantor, and
**Damaca Investments LLC, a Florida limited liability company**

whose address is: **5655 LA QUINTA CT, LAKE WORTH, FL 33463**

of the County of **PALM BEACH** , State of **Florida** , grantee.
**Witnesseth** that the GRANTOR, for and in consideration of the sum of
------------------------**TEN DOLLARS ($10)**------------------------ DOLLARS,
and other good and valuable consideration to GRANTOR in hand paid by GRANTEE, the receipt whereof is hereby acknowledged, has
granted, bargained and sold to the said GRANTEE and GRANTEE'S heirs, successors and assigns forever, the following described land, situate,
lying and being in the County of **Palm Beach** State of **Florida** to wit:

**Unit No. B-5 of Executive Square Plaza, a Condominium, according to the Declaration of Condominium recorded in O.R. Book 16147, Page 341, and all exhibits and amendments thereof, Public Records of Palm Beach County, Florida.**

and the grantor does hereby fully warrant the title to said land, and will defend the same against lawful claims of all persons whomsoever.

**In Witness Whereof,** the grantor has hereunto set its hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

**RT Real Estate Holdings Corporation**

By: _____ (Seal)
**Neil Bryan Tygar, President**
P.O. Address 5341 WEST ATLANTIC AVENUE, STE. 303
Delray Beach, FL 33484

Printed Name: FABRICIA RESENDE
Witness

Printed Name: Farrah Tygar
Witness

**(Corporate Seal)**

**STATE OF   Florida**
**COUNTY OF  Palm Beach**

The foregoing instrument was acknowledged before me this **30th** day of **November** , 2017 by
**Neil Bryan Tygar, President of RT Real Estate Holdings Corporation, a Florida Corporation, on behalf of the corporation**
who is personally known to me or who has produced his **Florida driver's license** as identification.

Printed Name: FABRICIA RESENDE
Notary Public
My Commission Expires:

FABRICIA RESENDE
Notary Public - State of Florida
My Comm. Expires May 31, 2018
Commission # FF 124077
Bonded Through National Notary Assn.

3576 DANACA

Laser Generated by © Display Systems, Inc., 2017  (863) 763-5555  Form FLWD-1

CFN 20170386658
OR Book 29441 Page 1542
Recorded 11/01/2017 11:46:09
Palm Beach County, Florida
AMT: $136,400.00
DOC STAMP $954.80
Sharon R. Bock, Clerk & Comptroller
PGS 1-1

DR-506 R. 04/16
Rule 12D-16.002
Florida Administrative Code
Eff. 04/16

Tax deed file number **54642011**
Parcel ID number **00424401020000280**

## Tax Deed

### Palm Beach County, Florida

Tax Certificate numbered **5464** issued on **June 1, 2011** was filed in the office of the tax collector of Palm Beach County, Florida. An application has been made for the issuance of a tax deed. The applicant has paid or redeemed all other taxes or tax certificates on the land as required by law. The notice of sale, including the costs and expenses of this sale, has been published as required by law. No person entitled to do so has appeared to redeem the land. On the **1st** day of **November, 2017**, the land was offered for sale. It was sold to **SHEPHERD REALTY INVESTMENTS** address **5655 LA QUINTA CT LAKE WORTH, FL 33463**, who was the highest bidder and has paid the sum of the bid as required by law.

The lands described below, including any inherited property, buildings, fixtures, and improvements of any kind and description, situated in this County and State.

Description of lands:

**BURCH SUB LT C**

On **November 1, 2017**, in Palm Beach County, Florida, for the sum of (**$136,400.00**) **One Hundred Thirty Six Thousand Four Hundred** Dollars, the amount paid as required by law.

**Witnesses:**

_____
Tiffanee Richardson

_____
Patricia Shipp

Sharon R. Bock Clerk & Comptroller
Deputy Clerk, Montrece A. Thomas
Palm Beach County, Florida

Palm Beach County, Florida

On this **1st** day of **November, 2017**, before me Deborah A. Compitello personally appeared Montrece A. Thomas , a Deputy Clerk for Clerk and Comptroller in and for the State and this County known to me to be the person described in, and who executed the forgoing instrument, and acknowledged the execution of this instrument to be his own free act and deed for the use and purposes therein mentioned.

Witness my hand and office seal date aforesaid.



DEBORAH A. COMPITELLO
MY COMMISSION # GG 015678
EXPIRES: January 25, 2018
Bonded Thru Budget Notary Services

CFN 20170386580
OR Book 29441 Page 1277
Recorded 11/01/2017 11:26:01
Palm Beach County, Florida
AMT: $62,100.00
DOC STAMP $434.70
Sharon R. Bock, Clerk & Comptroller
PGS 1-1

DR-506 R. 04/16
Rule 12D-16.002
Florida Administrative Code
Eff. 04/16

Tax deed file number **259542014**
Parcel ID number **74434309070160180**

# Tax Deed

**Palm Beach County, Florida**

Tax Certificate numbered **25954** issued on **June 1, 2014** was filed in the office of the tax collector of Palm Beach County, Florida. An application has been made for the issuance of a tax deed. The applicant has paid or redeemed all other taxes or tax certificates on the land as required by law. The notice of sale, including the cost and expenses of this sale, has been published as required by law. No person entitled to do so has appeared to redeem the land. On the **1st** day of **November, 2017**, the land was offered for sale. It was sold to **SHEPHERD REALTY INVESTMENTS** address **5655 LA QUINTA CT LAKE WORTH, FL 33463**, who was the highest bidder and has paid the sum of the bid as required by law.

The lands described below, including any inherited property, buildings, fixtures, and improvements of any kind and description, situated in this County and State.

Description of lands:

**ROOSEVELT ESTATES LT 18 BLK 16**

On **November 1, 2017**, in Palm Beach County, Florida, for the sum of **($62,100.00) Sixty Two Thousand One Hundred** Dollars, the amount paid as required by law.

**Witnesses:**

_Rebecca Aedo_
Rebecca Aedo

_Patricia Shipp_
Patricia Shipp

_Lisa Clements_
Sharon R. Bock Clerk & Comptroller
Deputy Clerk, Lisa Clements
Palm Beach County, Florida

Palm Beach County, Florida

On this **1st** day of **November, 2017**, before me Deborah A Compitello personally appeared Lisa Clements , a Deputy Clerk for Clerk and Comptroller in and for the State and this County known to me to be the person described in, and who executed the forgoing instrument, and acknowledged the execution of this instrument to be his own free act and deed for the use and purposes therein mentioned.

Witness my hand and office seal date aforesaid.

_Deborah A Compitello_



DEBORAH A. COMPITELLO
MY COMMISSION # GG 015678
EXPIRES: January 25, 2018
Bonded Thru Budget Notary Services

DOC # 20170551716
10/10/2017 08:33 AM   Page 1 of 2
Rec Fee: $18.50
Deed Doc Tax: $0.00
Mortgage Doc Tax: $0.00
Intangible Tax: $0.00
Phil Diamond, Comptroller
Orange County, FL
Ret To: SIMPLIFILE LC

Prepared By and Return To:
Paul A. Krasker, Esquire
The Law Office of Paul A. Krasker, P.A.
1615 Forum Place, 5th Floor
West Palm Beach, Florida 33401

Property Appraisers Parcel Identification (Folio) Number:
03-23-29-0180-39-110

NOTE TO RECORDER: This Deed represents a conveyance of unencumbered real property from a parent company to its wholly owned subsidiary for no consideration and therefore Florida documentary stamps are not due and owing upon recording of this deed.

_____Space Above This Line For Recording Data_____

## QUIT-CLAIM DEED

THIS QUIT-CLAIM DEED, executed this $2U^{tk}$ day of **September, 2017**, by **SHEPHERD REALTY INVESTMENTS, INC., a Florida corporation,** whose address is 5655 La Quinta Court, Lake Worth, FL 33463, ("Grantor") and **BASA INVESTMENTS, LLC, a Florida limited liability company,** whose mailing address is 5655 La Quinta Court, Lake Worth, FL 33463, ("Grantee"),

WITNESSETH, That said Grantor, for and in consideration of the sum of Ten Dollars ($10.00) in hand paid by said Grantee, the receipt whereof is hereby acknowledged, does hereby remise, release and quit-claim unto Grantee forever, all the right, title, interest, claim and demand which Grantor has in and to the following described lot, piece or parcel of land, situate, lying and being in **Orange County**, Florida, to wit:

**Lot 11 and that part of Lot 12, Block 39, Angebilt Addition as recorded in Plat Book H, Page 79, of the Public Records of Orange County, Florida, more particularly described as follows: Commence at the SE corner of Lot 11, run Northerly 13.85 feet along the Easterly line of said Lot 11 to the point of beginning, thence run Easterly 8.33 feet, thence run Northerly 40.2 feet, thence run Westerly 7.90 feet, thence run Southerly 40.2 feet along the Easterly line of Lot 11 to the point of beginning.**

TO HAVE AND TO HOLD the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said Grantor, either in law or equity, to the only proper use, benefit and behoof of said Grantee.

**\*THIS DEED WAS PREPARED WITHOUT THE BENEFIT OF A TITLE SEARCH\***

**[SIGNATURE AND ACKNOWLEDGMENT ON THE FOLLOWING PAGE]**

**IN WITNESS WHEREOF**, Grantor has hereunto signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in our presence:

**WITNESSES**:                                                  **GRANTOR:**

Shepherd Realty Investments, Inc., a Florida corporation

(1) _____                    By: _____
Print Name: _____                            Ariel Banegas, President

(2) _____
Print Name: Stephanie Sierra

**STATE OF FLORIDA**                 )
                                                      ) SS:
**COUNTY OF PALM BEACH**      )

The foregoing instrument was acknowledged before me this 26 day of September, 2017, by **Ariel Banegas, as President of Shepherd Realty Investments, Inc., a Florida corporation**, who is personally known to me, **or** who has produced  FL Drivers License   as identification.



HAKIM HOOD
Notary Public - State of Florida
Commission # GG 043064
My Comm. Expires Oct 30, 2020

(NOTARY STAMP)

_____
NOTARY PUBLIC
Serial (Commission) Number: GG043064
My Commission Expires: 10/30/20

Prepared By and Return To:
Paul A. Krasker, Esquire
The Law Office of Paul A. Krasker, P.A.
1615 Forum Place, 5th Floor
West Palm Beach, Florida 33401

**DOC # 20170551712**
10/10/2017 08:33 AM  Page 1 of 2
Rec Fee: $18.50
Deed Doc Tax: $0.00
Mortgage Doc Tax: $0.00
Intangible Tax: $0.00
Phil Diamond, Comptroller
Orange County, FL
Ret To: SIMPLIFILE LC

Property Appraisers Parcel Identification (Folio) Number:
**28-22-29-5600-71-160**

**NOTE TO RECORDER: This Deed represents a conveyance of unencumbered real property from a parent company to its wholly owned subsidiary for no consideration and therefore Florida documentary stamps are not due and owing upon recording of this deed.**

_____Space Above This Line For Recording Data_____

## QUIT-CLAIM DEED

THIS QUIT-CLAIM DEED, executed this _26th_ day of **September, 2017**, by **SHEPHERD REALTY INVESTMENTS, INC., a Florida corporation,** whose address is 5655 La Quinta Court, Lake Worth, FL 33463, ("Grantor") and **BASA INVESTMENTS, LLC, a Florida limited liability company,** whose mailing address is 5655 La Quinta Court, Lake Worth, FL 33463, ("Grantee"),

WITNESSETH, That said Grantor, for and in consideration of the sum of Ten Dollars ($10.00) in hand paid by said Grantee, the receipt whereof is hereby acknowledged, does hereby remise, release and quit-claim unto Grantee forever, all the right, title, interest, claim and demand which Grantor has in and to the following described lot, piece or parcel of land, situate, lying and being in **Orange County**, Florida, to wit:

> **Lots 116 and 117, Block G, MERRY MOUNT, according to the plat thereof, as recorded in Plat Book N, Page 29, of the Public Records of Orange County, Florida.**

TO HAVE AND TO HOLD the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said Grantor, either in law or equity, to the only proper use, benefit and behoof of said Grantee.

**\*THIS DEED WAS PREPARED WITHOUT THE BENEFIT OF A TITLE SEARCH\***

**[SIGNATURE AND ACKNOWLEDGMENT ON THE FOLLOWING PAGE]**

**IN WITNESS WHEREOF**, Grantor has hereunto signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in our presence:

**WITNESSES**:                                    **GRANTOR:**

                                                 Shepherd Realty Investments, Inc., a Florida
                                                 corporation

(1) _____          By: _____
                                              Ariel Banegas, President
Print Name: _____

(2) _____

Print Name: Stephanie Sierra

STATE OF FLORIDA              )
                             ) SS:
COUNTY OF PALM BEACH          )

    The foregoing instrument was acknowledged before me this 26 day of September, 2017, by **Ariel Banegas, as President of Shepherd Realty Investments, Inc., a Florida corporation**, who is personally known to me, **or** who has produced FL Drivers License as identification.

HAKIM HOOD
Notary Public - State of Florida
Commission # GG 043064
My Comm. Expires Oct 30, 2020

(NOTARY STAMP)

NOTARY PUBLIC
Serial (Commission) Number: GG043064
My Commission Expires: 10/30/20

Page 2

CFN 20170260008
OR BK 29230 PG 1260
RECORDED 07/20/2017 15:54:03
Palm Beach County, Florida
AMT 110,000.00
DEED DOC 770.00
Sharon R. Bock
CLERK & COMPTROLLER
Pgs 1260-1261; (2Pgs)

Return to:
North American Title Company
8170 Okeechobee Blvd., Suite 9
West Palm Beach, FL 33411

This Instrument Prepared
under the supervision of:

Mark J. Loterstein, Esq.
North American Title Company
8170 Okeechobee Blvd., Suite 9
West Palm Beach, FL 33411

Property Appraisers Parcel Identification (Folio) No.:
70434-17-57-000-0205

Our File No.: 11605-17-02668

## WARRANTY DEED

This Warranty Deed made this 13th day of July, 2017 by Strategic Investors Group, LLC, a Florida Limited Liability Company, whose mailing address is 2324 S. Congress Avenue, 2H, West Palm Beach, FL 33406, hereinafter called the grantor(s), to Damaca Investments LLC, a Florida Limited Liability Company, whose post office address is 5655 La Quinta Court, Lake Worth, FL 33463, hereinafter called the grantee:

(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

WITNESSETH: That the grantor(s), for and in consideration of the sum of $10.00 (ten) and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in Palm Beach County, State of Florida, viz:

Unit 2E of CONGRESS PARK III, OFFICE CONDOMINIUM, a Condominium according to the Declaration of Condominium thereof, recorded in Official Records Book 3346, Page(s) 1524, of the Public Records of Palm Beach County, Florida, and any amendments thereto, together with its undivided share in the common elements.

SUBJECT TO: covenants, conditions, restrictions, reservations, limitations, easements and agreements of record, if any; taxes and assessments for the year 2017 and subsequent years; and to all applicable zoning ordinances and/or restrictions and prohibitions imposed by governmental authorities, if any,

TOGETHER, with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in Fee Simple forever.

AND the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land, and hereby warrants the title to said land and will defend the same against the lawful claims of all persons.

IN WITNESS WHEREOF, the said grantor has signed and sealed these presents the day and year first above written.

Deed (Warranty - Individual)                                                      11605-17-02668

CFN 20170260008
BOOK 29230 PAGE 1261
2 OF 2

Signed, sealed and delivered in the presence of:

_____
First Witness Signature

Michele Vega Azanza
_____
Printed Signature

_____
Second Witness-Signature

_____
Printed Signature

State of Florida

County of Palm Beach

The foregoing instrument was acknowledged before me this 13th day of July, 2017 by Juan Zuniga, the Manager of Strategic Investors Group, LLC, a Florida Limited Liability Company, , on behalf of the Limited Liability Corp., who has produced _____ Photo io _____ as Identification or is personally known to me to be the persons therein.

Strategic Investors Group, LLC, a Florida Limited Liability Company

BY: _____
Juan Zuniga, Manager

_____
Notary Public, State of Florida

My commission expires:

MICHELE VEGA-AZANZA
MY COMMISSION # GG 003167
EXPIRES: July 25, 2020
Bonded Thru Notary Public Underwriters

Deed (Warranty - Individual)                                                    11605-17-02668

CFN 20170203072
OR Book 29136 Page 1214
Recorded 06/07/2017 12:16:34
Palm Beach County, Florida
AMT: $60,500.00
DOC STAMP $423.50
Sharon R. Bock, Clerk & Comptroller
PGS 1-1

DR-506 R. 04/16
Rule 12D-16.002
Florida Administrative Code
Eff. 04/16

Tax deed file number **283862013**
Parcel ID number **74434328110070071**

## Tax Deed

**Palm Beach County, Florida**

Tax Certificate numbered **28386** issued on **June 1, 2013** was filed in the office of the tax collector of Palm Beach County, Florida. An application has been made for the issuance of a tax deed. The applicant has paid or redeemed all other taxes or tax certificates on the land as required by law. The notice of sale, including the cost and expenses of this sale, has been published as required by law. No person entitled to do so has appeared to redeem the land. On the **7th** day of **June, 2017**, the land was offered for sale. It was sold to **BASA INVESTMENTS, LLC** address **5655 LA QUINTA CT LAKE WORTH, FL 33463**, who was the highest bidder and has paid the sum of the bid as required by law.

The lands described below, including any inherited property, buildings, fixtures, and improvements of any kind and description, situated in this County and State.

Description of lands:

**BONNEYVIEW ADD NO 2 SELY 46.5 FT OF LOTS 7 & 8 BLK 7**

On **June 7, 2017**, in Palm Beach County, Florida, for the sum of (**$60,500.00**) **Sixty Thousand Five Hundred** Dollars, the amount paid as required by law.

**Witnesses:**

_____
Tiffanee Richardson

_____
Lisa Clements

_____
Sharon R. Bock, Clerk & Comptroller
Deputy Clerk, Rebecca Aedo
Palm Beach County, Florida

Palm Beach County, Florida

On this **7th** day of **June, 2017**, before me Kattie M. Sherrod personally appeared Rebecca Aedo , a Deputy Clerk for Clerk and Comptroller in and for the State and this County known to me to be the person described in, and who executed the forgoing instrument, and acknowledged the execution of this instrument to be his own free act and deed for the use and purposes therein mentioned.

Witness my hand and office seal date aforesaid.

KATTIE M. SHERROD
MY COMMISSION # FF 945480
EXPIRES: January 29, 2020
Bonded Thru Budget Notary Services

NOTARY PUBLIC
STATE OF FLORIDA

# Exhibit B

MONEY TO INVEST IN FLORIDA PROPERTIES

| DATE | AMOUNT | BALANCE | PROCEEDS RECEIVED | MONEY SENT TO |
|---|---|---|---|---|
| 4/3/17 | $150,000 | $150,000 | | |
| 4/18/17 | $142,000 | $292,000 | | |
| 5/7/17 | $150,000 | $442,000 | | BASA INVESTMENTS LLC |
| 6/12/17 | $175,000 | $617,000 | | BASA INVESTMENTS LLC |
| 7/20/17 | $25,000 | $642,000 | | BASA INVESTMENTS LLC |
| 9/19/17 | $200,000 | $842,000 | | |
| 11/5/17 | $10,000 | $852,000 | | BASA INVESTMENTS LLC |
| 11/6/17 | $50,000 | $902,000 | | LEADER REALTY INC |
| 11/17/17 | $188,000 | $1,090,000 | | |
| 11/28/17 | $5,000 | $1,095,000 | | |
| 12/14/17 | $3,000 | $1,098,000 | | |
| 12/15/17 | $3,000 | $1,101,000 | | |
| 1/25/18 | $2,470 | $1,103,470 | | SHEPHERD REALTY INVESTMENTS |
| 1/25/18 | $10,000 | $1,113,470 | | SHEPHERD REALTY INVESTMENTS |
| 1/31/18 | $20,000 | $1,133,470 | | |
| 1/16/18 | $8,232 | $1,141,702 | | SHEPHERD REALTY INVESTMENTS |
| 2/9/18 | $15,000 | $1,156,702 | | |
| 2/16/18 | $20,000 | $1,176,702 | | |
| 1/12/18 | $1,148 | $1,177,850 | | ENRIQUE MEIJO |
| 12/14/17 | $4,800 | $1,182,650 | | RICARDO LOPEZ |
| 12/13/17 | $6,257 | $1,188,907 | | BUILTSURE LLC + AMEX FEES |
| 12/13/17 | $1,500 | $1,190,407 | | ALPHA CONSTRUCTION |
| 4/26/18 | $12,113 | $1,202,519 | | KABBAGE LOAN FEES |
| 1/5/18 | $1,082 | $1,203,601 | | TAXES- 1217 25th St Orlando, Fl |
| 4/2/18 | $3,002 | $1,206,603 | | TAXES- 944 Market St, West Palm Beach, FL |
| 1/5/18 | $972 | $1,207,576 | | TAXES- 3479 W Washington St Orlando, Fl |
| 4/2/18 | $1,504 | $1,209,079 | | TAXES- 748 Dr Martin Luther King Jr Blvd, West Palm Beach, FL |
| 4/2/18 | $3,024 | $1,212,103 | | TAXES- 1342 9th Court West Palm Beach FL |
| | | $1,212,103 | | |
| | | $1,212,103 | | |
| | | $1,212,103 | | |
| | | $1,212,103 | | |

# Exhibit "B"

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION (Div. AB)

CASE NO.: 50 2018 CA 007548 XXXX MB

AMY STANLEY,

      Plaintiff,

v.

ARIEL BANEGAS, LEADER
REALTY, INC., DAMACA
INVESTMENTS LLC, BASA
INVESTMENTS, LLC and
SHEPHERD REALTY
INVESTMENTS, INC.,

      Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR JUDICIAL DEFAULT
AGAINST DEFENDANTS, LEADER REALTY, INC., DAMACA INVESTMENTS LLC,
BASA INVESTMENTS, LLC AND SHEPHERD REALTY INVESTMENTS, INC.**

      **THIS CAUSE**, having come before the Court via Zoom on **Thursday, the 21ˢᵗ day
of October, 2021**, upon the Plaintiff's Motion for Judicial Default Against Defendants,
Leader Realty, Inc., Damaca Investments LLC, Basa Investments, LLC and Shepherd
Realty Investments, Inc., the Court having heard argument of counsel and being
otherwise advised in the Premises, it is hereby

      **ORDERED AND ADJUDGED:**

      1. The Plaintiff's Motion for Judicial Default Against Defendants, Leader Realty,
Inc., Damaca Investments LLC, Basa Investments, LLC and Shepherd Realty
Investments, Inc., is hereby **GRANTED**.

      2. A Judicial Default is hereby entered against the following Defendants: Leader
Realty, Inc., Damaca Investments LLC, Basa Investments, LLC and Shepherd
Realty Investments, Inc.

      **DONE AND ORDERED**, in the Judge's Chambers of Palm Beach County
Courthouse, in West Palm Beach, Florida this 21st___ day of October 2021.

Case No. 50-2018-CA-007548-XXXX-MB

50-2018-CA-007548-XXXX-MB   10/21/2021
Janis Brustares Keyser   Circuit Judge

50-2018-CA-007548-XXXX-MB   10/21/2021
Janis Brustares Keyser
Circuit Judge

## COPIES TO:

| | | |
|---|---|---|
| ARIEL BANEGAS | No Address Available | ariel@leaderrealty.net abanegasr@outlook.com |
| ARIEL BANEGAS | 5655 LA QUINTA COURT LAKE WORTH, FL 33463 | No E-mail Address Available |
| ASTRID BANEGAS | 5655 LA QUINTA COURT LAKE WORTH, FL 33463 | No E-mail Address Available |
| CHRISTIAN ROMAGUERA | 11911 US HIGHWAY ONE SUITE 303 NORTH PALM BEACH, FL 33408 | PLEADINGS@ROMAGUERA LAW.COM |
| DAMACA INVESTMENTS LLC | C/O REGISTERED AGENT, D&E CONSULTANTS, INC. 3940 10TH AVENUE NORTH, SUITE 1B LAKE WORTH, FL 33461 | No E-mail Address Available |
| EMILY B. CHATZKY | 270 SW NATURA AVENUE DEERFIELD BEACH, FL 33441 | Serv521@LegalBrains.com echatzky@legalbrains.com |
| HOWARD R. BEHAR | No Address Available | hrb@beharlegal.com np@beharlegal.com |
| JAMIE ALAN SASSON | No Address Available | serv513@legalbrains.com |
| LEADER REALTY INC | C/O REGISTERED AGENT, ALEX D. SIRULNIK, P.A. 2199 PONCE DE LEON BLVD., SUITE 301 CORAL GABLES, FL 33134 | No E-mail Address Available |
| MICHAEL JAMES MCCORMICK JR | No Address Available | Serv540@legalbrains.com |
| PETER TICKTIN | 270 SW NATURA AVENUE DEERFIELD BEACH, FL 33441 | serv512@legalbrains.com |
| RAYMOND L. ROBINSON | 1501 VENERA AVENUE SUITE 300 CORAL GABLES, FL 33146 | ray@rrobinsonlaw.com teri@rrobinsonlaw.com caycie@rrobinsonlaw.com |
| SAMUEL M SHELDON | No Address Available | sms@beharlegal.com np@beharlegal.com |

Case No. 50-2018-CA-007548-XXXX-MB

| SCOTT A GLAZIER | No Address Available | scott.glazier@glaziermediation.com<br>clientservices@glaziermediation.com |
| SHEPHERD REALTY INVESTMENTS INC | No Address Available | No E-mail Address Available |
| TICKTIN LAW GROUP | No Address Available | Serv536@legalbrains.com |

# Exhibit "C"

**** CASE NUMBER: 502018CA007548XXXXMB Division: AB ****

Filing # 73599662 E-Filed 06/14/2018 05:20:31 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

AMY STANLEY,

      Plaintiff,

vs.

ARIEL BANEGAS, ASTRID
BANEGAS, LEADER REALTY,
INC., DAMACA INVESTMENTS
LLC, BASA INVESTMENTS, LLC
and SHEPHERD REALTY
INVESTMENTS, INC.,

      Defendants.

_____/

## NOTICE OF LIS PENDENS

TO ALL DEFENDANTS: ARIEL BANEGAS, ASTRID BANEGAS, LEADER REALTY, INC., DAMACA INVESTMENTS LLC, BASA INVESTMENTS, LLC, SHEPHERD REALTY INVESTMENTS, INC. AND ALL OTHERS WHOM IT MAY CONCERN. YOU ARE HEREBY NOTIFIED OF THE INSTITUTION OF THIS ACTION BY PLAINTIFF, AMY STANLEY, AGAINST YOU INVOLVING TITLE TO THE FOLLOWING PROPERTY:

*(a) The Names of the Parties.* Amy Stanley, Plaintiff, and Ariel Banegas, Astrid Banegas, Leader Realty, Inc., Damaca Investments LLC, Basa Investments, LLC, Shepherd Realty Investments, Inc., Defendants.

*(b) The date of the institution of the action, the date of the clerk's electronic receipt, or the case number of the action.* This action was instituted on June 14, 2018, and the Clerk's electronic receipt number is identified above. The Clerk has not yet assigned a case number to this action.

*(c)   The name of the court in which it is pending.* The action is pending in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.

*(d) A description of the property involved or to be affected.* The properties involved in the action are:

    (1)    Address: *944 Market Street, West Palm Beach, Palm Beach County, Florida 33401*
              PCN:  74-43-43-28-11-007-0071
              Current Owner: BASA INVESTMENTS LLC

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 06/14/2018 05:20:31 PM

*Notice of Lis Pendens*

Legal Description: BONNEYVIEW ADD NO 2 SELY 46.5 FT OF LOTS 7 & 8 BLK 7

(2)   Address: ***3479 W. Washington Street, Orlando, Orange County, Florida 32805***
PCN: 28-22-29-5600-71-160
Current Owner: BASA INVESTMENTS LLC
Legal Description: MERRYMOUNT N/29 LOTS 116 & 117 BLK G

(3)   Address: ***748 Dr. Martin Luther King, Jr. Blvd. A, West Palm Beach, Palm Beach County, Florida 33404***
PCN:   56-43-42-32-01-021-0220
Current Owner: BASA INVESTMENTS LLC
Legal Description: INLET CITY LTS 22 & 23 BLK 21

(4)   Address: ***1342 9th Court, West Palm Beach, Palm Beach County, Florida 33401***
PCN: 74-43-43-09-07-016-0180
Current Owner: SHEPHERD REALTY INVESTMENTS, INC.
Legal Description: ROOSEVELT ESTATES LT 18 BLK 16

(5)   Address: ***828 Burch Drive, West Palm Beach, Palm Beach County, Florida 33415***
PCN: 00-42-44-01-02-000-0280
Current Owner: SHEPHERD REALTY INVESTMENTS, INC.
Legal Description: BURCH SUB LT C

(6)   Address: ***5329 West Atlantic Ave. 204, Delray Beach, Palm Beach County, Florida 33484***
PCN: 00-42-46-14-28-002-0050
Current Owner: DAMACA INVESTMENTS LLC
Legal Description: EXECUTIVE SQUARE PLAZA CONDOMINIUM UNIT B-5

(7)   Address: ***2324 South Congress Ave., 2E, West Palm Beach, Palm Beach County, Florida 33406***
PCN: 70-43-44-17-57-000-0205
Current Owner: DAMACA INVESTMENTS LLC
Legal Description: CONGRESS PARK III OFFICE COND UNIT 2-E BLDG 2324

***(e)  A statement of the relief sought as to the property.***  Plaintiff's Complaint in the action is incorporated herein by reference and seeks relief as to the property in the form of a declaration of Plaintiff's beneficial ownership rights in the property, unjust enrichment, fraudulent inducement, and the imposition of a constructive trust over and on the property.

Dated this 14th day of June, 2018.

*(Signature Page follows)*

JANSSEN, SIRACUSA & KEEGAN PLLC
*Counsel for Plaintiff, Amy Stanley*
120 S. Olive Avenue, Suite 504
West Palm Beach, FL 33401
Tel.: (561) 420-0583
Fax: (561) 420-0576
Email: jjanssen@jasilaw.com
Email: jsiracusa@jasilaw.com
Email: mkeegan@jasilaw.com

By: *s/ Mark G. Keegan*
        JOSPEH W. JANSSEN, III
        Florida Bar No.: 160067
        JOHN M. SIRACUA
        Florida Bar No.: 159670
        MARK G. KEEGAN
        Florida Bar No.: 503371

# Exhibit "D"

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 50 2018 CA 007548 XXXX MB (Div. AB)

AMY STANLEY,

       Plaintiff,

v.

ARIEL BANEGAS, ASTRID
BANEGAS, LEADER REALTY,
INC., DAMACA INVESTMENTS
LLC, BASA INVESTMENTS, LLC
and SHEPHERD REALTY
INVESTMENTS, INC.,

       Defendants.

_____/

**ORDER ON PLAINTIFF'S AMENDED MOTION FOR ENTRY OF AN
ORDER EXTENDING LIS PENDENS PURSUANT TO FLORIDA STATUTE § 48.23(2)
OR IN THE ALTERNATIVE TO REIMPOSE LIS PENDENS**

THIS MATTER, having come before the Court on February 25, 2021, upon the Plaintiff's Amended Motion for Entry of an Order Extending Lis Pendens Pursuant to Florida Statute § 48.23(2) or in the Alternative to Reimpose Lis Pendens, and having heard arguments by the parties and having reviewed the docket, and the Court being otherwise duly advised in the premises, it is hereby **ORDERED AND ADJUDGED:**

1.    Plaintiff's Amended Motion for Entry of an Order Extending Lis Pendens Pursuant to Florida Statute § 48.23(2) or in the Alternative to Reimpose Lis Pendens is **GRANTED**.

2.    The Plaintiff's Lis Pendens, initially filed on June 14, 2018, shall be reimposed and/or extended for the duration of litigation.

**DONE AND ORDERED** in Chambers at Judge Daniel T. K. Hurley Courthouse, Palm Beach County, Florida.

502018CA007548XXXXMB    02/26/2021
Janis Brustares Keyser    Circuit Judge

502018CA007548XXXXMB    02/26/2021
Janis Brustares Keyser
Circuit Judge

Copies Furnished to:
**JAMIE ALAN SASSON, ESQUIRE,** Serv513@LegalBrains.com, and **MICHAEL J. McCORMICK, JR., ESQUIRE,**
Serv540@LegalBrains.com, The Ticktin Law Group, 270 SW Natura Avenue, Suite 220, Deerfield Beach, Florida 33441
**HOWARD R. BEHAR, ESQUIRE,** hrb@beharlegal.com, **SAMUEL M. SHELDON, ESQUIRE,** sms@beharlegal.com and **SOPHIA
HUDA, ESQUIRE,** shuda@beharlegal.com and np@beharlegal.com, The Behar Law Firm, P.A., 3323 NE 163rd Street, Suite 402,
North Miami Beach, FL 33160-5596, counsel for the Defendants

# Composite Exhibit "E"

RE1/

**944 Market St**

**West Palm Beach, FL 33401-7562**

L - $349,000

**A11169971** - Active

**MLS#:** A11169971



944 Market St

Single Family

| Price | Chg Type | Chg Info | Eff Date | Agent ID | Office ID | DOM |
|---|---|---|---|---|---|---|
| $349,000 | DECR | $375,000 -> $349,000 | 03/18/2022 | 3064318 | KWSE01 | 10 |
| $375,000 | NEW | ACTV -> $375,000 | 03/08/2022 | 3064318 | KWSE01 | 0 |

**MLS#:** R10781406



944 Market Street

Single Family

| Price | Chg Type | Chg Info | Eff Date | Agent ID | Office ID | DOM |
|---|---|---|---|---|---|---|
| $374,900 | C | A -> C | 03/05/2022 | FLL2765374SFLL27654299 | | 0 |
| $374,900 | NEW | ACTV -> $374,900 | 03/04/2022 | FLL2765374SFLL27654299 | | 0 |

**MLS#:** A11167858



944 Market St

Single Family

| Price | Chg Type | Chg Info | Eff Date | Agent ID | Office ID | DOM |
|---|---|---|---|---|---|---|
| $324,900 | C | A -> C | 03/02/2022 | 0439222 | RTRU01 | 1 |
| $324,900 | NEW | ACTV -> $324,900 | 03/01/2022 | 0439222 | RTRU01 | 0 |





**Single Family**
944 Market St
WEST PALM BEACH, FL 33401-7562

| ML#: | A11167858 | **List Price:** | $324,900 |
|---|---|---|---|

**Rng Price:**

| **LLP:** | | **Status:** | Cancelled |
|---|---|---|---|
| **Short Sale** | No | **REO:** | No |

| **Listing Brk** | RTRU01 /Realty Trust of America Inc |
|---|---|
| **County:** | Palm Beach County |
| **Area:** | 5330 | | **Auction** | No |
| **Geo Area:** | Palm Beach 5400; 5410; 5450 |
| **Legal:** | BONNEYVIEW ADD NO 2 SELY 46.5 FT OF LOTS 7 & 8 BLK 7 |

**Furnished:**

| **Bedrooms:** | 3 | **Baths:** | 2/1 |
|---|---|---|---|
| **Convert Bed:** | | | |
| **SqFt (Liv):** | ¤831 | **Tot SqFt:** | ¤1,018 |
| **SqFt (Adj):** | ¤863 | | |
| **Bld Ar/Src:** | | | |
| **Year Built:** | 1965/Resale | | |

**Virtual Tou**

Recent: **03/02/2022 : Cancelled : A->C**

---

**Location Information**

| **Folio#:** | ¤74434328110070071 | **Parcel #:** | 0071 | **Model Nam** | |
|---|---|---|---|---|---|
| **Municipal Co** | 74 | **Town/Rang** | 43 | **Section:** | 28 |
| **Subdivision** | ¤11 | **Map Coord:** | | **Zoning:** | ¤SF14 (ci |
| **Subdivision** | ¤BONNYVIEW ADD 2 | **Developme** | | | |
| **Elementary:** | Acreage Pines | **Middle:** | Boca Raton Community | | |
| **High:** | Alexander Dryfoos School of the Arts | | | | |

**Neighborhoo**

---

**General Information**

| **Type Property:** | Single | **Front Exposure:** | South East | **HOPA:** | No HOPA |
|---|---|---|---|---|---|
| **For Lease:** | | **For Lease MLS#:** | | **SS Addend:** | |
| **Boat Services:** | | | | | |
| **Style:** | R30-No Pool/No Water | | | | |
| **Garage:** | 0 | | | **Carport:** | 1 |
| **Lot SF:** | ¤2,343 | **Appr Lot Size:** | | | |
| **Parking Desc:** | Driveway | | | | |
| **Parking Restr:** | | | | | |
| **Lot Desc:** | Less Than 1/4 Acre Lot | | | | |
| **Waterfront:** | No | | | | |
| **Water Access:** | | | | | |
| **Water Frontage:** | | **View:** | Garden View | | |
| **Pool Dim:** | | **Spa:** | | | |
| **Pool:** | No | | | | |
| **Design/Desc** | Detached/One Story | | | | |
| **Construction** | Frame Construction, Stone Exterior Construction | | | | |
| **Roof Desc:** | Shingle Roof | | | | |
| **Floor:** | Ceramic Floor | | | | |

---

**Remarks**

**Remarks:** Beautiful single family home near City Place/ Downtown west Palm Beach . Fully renovated. New windows with Shutters, Stone Exterior new A/C unit

Renovated bathroom and Kitchen Cabinets with Granite with S/S Appliances, and washer/dryer The roof was partially replaced in 2021 Fully treated for termites. A must to see ready to close.

| | |
|---|---|
| **Driving Directions:** | |
| **Broker Remarks:** | <u>Submit all offers via MLS Offers</u> Tenant occupied until 08/15/22 showings with the owner call 964 802-4597 purchase is subject by COURT'S APPROVAL |

— <b>Rooms</b> —

| | |
|---|---|
| **Bedroom Desc:** | Entry Level |
| **Master Bath:** | |
| **Addition Rooms:** | Other |
| **Dining Desc:** | |
| **ADA Compliant:** | |

— <b>Additional Information</b> —

| | | | |
|---|---|---|---|
| **Pets:** | Yes | **Cable:** | |
| **Pet Rstr:** | None | | |
| **Guest House:** | | | |
| **# Ceiling Fans:** | | | |
| **Interior Feat:** | First Floor Entry, Laundry Tub | | |
| **Equip/Appl:** | Dryer, Electric Water Heater, Microwave, Electric Range, Refrigerator, Smoke Detector, Washer | | |
| **Window Treat:** | | | |
| **Exterior Feat:** | Awnings, Exterior Lighting, Patio | | |
| **Subd Info:** | Laundry Facilities, Paved Road, Sidewalks, Street Lights | | |
| **Restrictions:** | Ok To Lease, No Restrictions | | |
| **Maint Incl:** | | | |
| **Heating:** | Central Heat, Electric Heat | | |
| **Cooling:** | Ceiling Fans, Central Cooling, Electric Cooling | | |
| **Sprinkler:** | | | |
| **Water:** | Municipal Water | **Sewer** | Municipal Sewer |
| **Equestrian:** | | | |
| **Storm Protect:** | | | |
| **Green Energy:** | | | |

— <b>Financial Information</b> —

| | | | | | |
|---|---|---|---|---|---|
| **Assumable:** | | **$/SOH Value:** | | **Assessed $:** | |
| **Total Mortg:** | | **Terms:** | All Cash, Conventional, FHA | | |
| **Type of Assoc:** | None | | | **Membershi** | No |
| **Application Fee:** | | **Maint Fee:** | | **Land Lse Fee:** | |
| | | **Maint Fee 1** | Other | | |
| **Assoc Fee:** | | **Assoc Fee Pd:** | | **Flood Zone:** | ¤AE |
| **Tax Amount:** | $3,172 | **Tax Year:** | 2021 | **Owner Agent:** | Yes |
| **Tax Info:** | Tax Reflects No Exemptions | | | | |
| **Special Info:** | | | | | |
| **Possession Info:** | Funding | | | | |
| **Bonus:** | | **Spec Assess:** | | **Mult Offers :** | |
| **Hardship Pkg:** | | **PACE:** | | | |

| | | | |
|---|---|---|---|
| **Office:** | <u>RTRU01 /Realty Trust of America Inc</u> | **Agent Ph:** | 305-389-0803 |

| | | | | |
|---|---|---|---|---|
| **Agent:** | 0439222 /Iliana Hernandez | | **Agt Ph 2:** | 305-389-0803 |
| **Ofc Addr:** | 10281 SW 72 Street<br>Miami, FL 33173 | | **Office Fax:** | 305-266-7576 |
| **Agent Email:** | ecrmiami@gmail.com | | **Agent License:** | 0439222 |
| **Office Ph:** | 305-992-6440 | | | |
| **CoAgt Email:** | | | | |
| **Owner Name:** | | | **Own Phone:** | |
| **Buy Agt Comp:** | 1.5% | **Trans Brk Comp:** | 1.5% | **NonRep Cmp:** | 1.5% |
| **VAR Dual Rt:** | No | **AVM:** | No | **Blogging:** | No |
| **Addrs on Inet:** | Yes | **Contingencie** | | **OK to Adver** | |
| **Photo Instr:** | Realtor to Upload Images 1-99 | | **Joint Agcy:** | |
| **List Type:** | Exclusive Right to Sell/Rent | | **Occupancy:** | Tenant Occupied |
| **Show Instr:** | 24 Hour Notice, Appointment Only, Elect Lockbox-Call List Agent | | | |
| **List Date:** | 03/01/2022 | **Stat Change Dt:** | 03/02/2022 | **Prev LP:** | |
| **Expire Date:** | 12/01/2022 | | **Orig LP:** | $324,900 |
| **Pending Dt:** | | **DOM:** | 1 | **Internet:** | Yes |
| **Closing Dt:** | | **Expct Clse Dt:** | | **Withdrn Dt:** | |
| **Intrnt URL:** | | | | |
| **Intrnt Rmrks:** | EXCELLENT LOCATION A MUST TO SEE CLOSE TO DOWNTOWN /MARKET PLACE FULLY RENOVATED | | | |
| **Board:** | A-Miami Association of REALTORS | | | |



**1 / 14**

**Single Family**
944 Market Street
WEST PALM BEACH, FL 33401

| | | | |
|---|---|---|---|
| **ML#:** | R10781406 | **List Price:** | $374,900 |
| **Rng Price:** | | | |
| **LLP:** | | **Status:** | Cancelled |
| **Short Sale** | No | **REO:** | No |
| **Listing Brk** | FLL276542996 /Leader Realty, Inc. | | |
| **County:** | Palm Beach County | | |
| **Area:** | 5430 | **Auction** | No |
| **Geo Area:** | Palm Beach 5420; 5430; 5440 | | |
| **Legal:** | BONNEYVIEW ADD NO 2 SELY 46.5 FT OF LOTS 7 & 8 BLK 7 | | |
| **Furnished:** | Unfurnished | | |
| **Bedrooms:** | 3 | **Baths:** | 1/0 |
| **Convert Bed:** | | | |
| **SqFt (Liv):** | 831 | **Tot SqFt:** | 1,018 |
| **SqFt (Adj):** | | | |
| **Bld Ar/Src:** | | | |
| **Year Built:** | 1965 | | |
| **Virtual Tou** | Click Here | | |

Recent: **03/05/2022 : Cancelled : ->C**

---

### Location Information

| | | | |
|---|---|---|---|
| **Folio#:** | 74434328110070071 | **Parcel #:** | 7443 | **Model Nam** | |
| **Municipal Co** | | **Town/Rang** | | **Section:** | |
| **Subdivision** | | **Map Coord** | | **Zoning:** | SF14(c |
| **Subdivision** | BONNYVIEW ADD 2 | **Developmer** | | | |
| **Elementary:** | | **Middle:** | Conniston | | |
| **High:** | Forest Hill Community | | |
| **Neighborhoo** | | | |

### General Information

| | | | |
|---|---|---|---|
| **Type Property:** | Single | **Front Exposure:** | | **HOPA:** | No HOPA |
| **For Lease:** | | **For Lease MLS#:** | | **SS Addend:** | No |
| **Boat Services:** | | | |
| **Style:** | R30-No Pool/No Water | | |
| **Garage:** | 0/Attached | **Carport:** | |
| **Lot SF:** | 2,343 | **Appr Lot Size:** | < 1/4 Acre |
| **Parking Desc:** | Driveway | | |
| **Parking Restr:** | | | |
| **Lot Desc:** | Less Than 1/4 Acre Lot | | |
| **Waterfront:** | No | | |
| **Water Access:** | | | |
| **Pool Dim:** | | **Spa:** | |
| **Pool:** | No | | |
| **Design/Desc** | Ranch/Ranch | | |
| **Construction** | Frame Construction, Stone Exterior Construction | | |
| **Roof Desc:** | Shingle Roof | | |
| **Floor:** | Ceramic Floor | | |

### Remarks

**Remarks:** Beautiful Single Family Home near City Place/Downtown West Palm Beach and beaches. Fully renovated. Brand New Windows with shutters, Stone Exterior, brand new central AC. Renovated Bathroom and Kitchen with Granite, New

Cabinets and Stainless Steel appliances. The roof was partially replaced in 2021, the flooring foundation was partially replaced in 2021. Brand new sewer line and plumbing. House has been fully treated for termites and pests. Attached Carport. Washer and Dryer. Easy to show Tenant occupied $2000 a month

**Driving Directions:** Okeechobee to Parker St South, right on Market St. The second house on the right

**Broker Remarks:** Tenant occupied Until 08/15/22. Combo lock. Showings must be coordinated with the listing agent (954)802-4597. The purchase of the property is subject to the Chapter 11 Court's approval.

### Rooms

| **Room** | **Dim** | **Room** | **Dim** | **Room** | **Dim** |
|---|---|---|---|---|---|
| Kitchen | 10x8 | LivingRoom | 14x12 | MasterBedroom | 12x10 |

**Bedroom Desc:**

**Master Bath:**

**Addition Rooms:** Family Room

**Dining Desc:** Eat-In Kitchen

**ADA Compliant:**

### Additional Information

**Pets:** Yes  **Cable:**

**Pet Rstr:**

**Guest House:**

**# Ceiling Fans:**

**Interior Feat:**

**Equip/Appl:** Electric Range, Refrigerator

**Window Treat:** Single Hung Metal

**Exterior Feat:**

**Subd Info:** No Subdiv/Park Info

**Restrictions:** No Restrictions

**Maint Incl:** No Maintenance Included

**Heating:** Central Heat, Electric Heat

**Cooling:** Central Cooling, Electric Cooling

**Sprinkler:**

**Water:** Public Water  **Sewer** Sewer

**Equestrian:**

**Storm Protect:**

**Green Energy:**

### Financial Information

| | | | | | |
|---|---|---|---|---|---|
| **Assumable:** | | **$/SOH Value:** | | **Assessed $:** | |
| **Total Mortg:** | | **Terms:** | All Cash, Conventional, FHA, Va | | |
| **Type of Assoc:** | | | | **Membershi** | No |
| **Application Fee:** | $0 | **Maint Fee:** | | **Land Lse Fee:** | |
| | | **Maint Fee ]** | | | |
| **Assoc Fee:** | $0 | **Assoc Fee Pd:** | Monthly | **Flood Zone:** | |
| **Tax Amount:** | $3,172 | **Tax Year:** | 2021 | **Owner Agent:** | Yes |
| **Tax Info:** | | | | | |
| **Special Info:** | | | | | |
| **Possession Info:** | | | | | |
| **Bonus:** | | **Spec** | No | **Mult** | Yes |

| | | |
|---|---|---|
| **Hardship Pkg:** | **Assess:** | **Offers :** |
| | **PACE:** | |

### Agent/Office Information

| | | | |
|---|---|---|---|
| **Office:** | FLL276542996 /Leader Realty, Inc. | **Agent Ph:** | (561) 420-8100 |
| **Agent:** | FLL276537493 /Ariel Banegas | **Agt Ph 2:** | |
| **Ofc Addr:** | 2324 S. Congress Ave. Suite 2H | **Office Fax:** | |
| | West Palm Beach, FL 33406 | | |
| **Agent Email:** | Ariel@Leaderrealtyflorida.com | **Agent License:** | |
| **Office Ph:** | (561) 420-8100 | | |
| **CoAgt Email:** | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Owner Name:** | Basa Investments, II | | **Own Phone:** | | |
| **Buy Agt Comp:** | 3% | **Trans Brk Comp:** | 3% | **NonRep Cmp:** | 3% |
| **VAR Dual Rt:** | No | **AVM:** | Yes | **Blogging:** | Yes |
| **Addrs on Inet:** | Yes | **Contingencie** | | **OK to Adve** | |
| **Photo Instr:** | | | | **Joint Agcy:** | |
| **List Type:** | Exclusive Right to Sell/Rent | | | **Occupancy:** | |
| **Show Instr:** | Showing Assist, Vacant | | | | |
| **List Date:** | 03/04/2022 | **Stat Change Dt** | 03/05/2022 | **Prev LP:** | |
| **Expire Date:** | 06/04/2022 | | | **Orig LP:** | $374,900 |
| **Pending Dt:** | | **DOM:** | 0 | **Internet:** | Yes |
| **Closing Dt:** | | **Expct Clse Dt:** | | **Withdrn Dt:** | |
| **Intrnt URL:** | | | | | |
| **Intrnt Rmrks:** | | | | | |
| **Board:** | BeachesMLS (Flexmls) | | | | |

     



**1 / 10**

### Single Family
944 Market St
WEST PALM BEACH, FL 33401-7562

| | | | |
|---|---|---|---|
| ML#: | A11169971 | List Price | $349,000 |
| Rng Price: | | | |
| LLP: | | Status: | Active |
| Short Sale | No | REO: | No |
| Listing Brk | KWSE01 /Keller Williams Realty SW | | |
| County: | Palm Beach County | | |
| Area: | 5430 | Auctio | No |
| Geo Area: | Palm Beach 5420; 5430; 5440 | | |
| Legal: | BONNEYVIEW ADD NO 2 SELY 46.5 FT OF LOTS 7 & 8 BLK 7 | | |
| Furnished: | Unfurnished | | |
| Bedrooms: | 3 | Baths: | 1/0 |
| Convert Bed: | | | |
| SqFt (Liv): | ×831 | Tot SqFt: | ×1,018 |
| SqFt (Adj): | ×863 | | |
| Bld Ar/Src: | | | |
| Year Built: | 1965/Resale | | |
| Virtual Tou | Click Here | | |

Recent: **03/18/2022 : DECR : $375,000->$349,000**

---

#### Location Information

| | | | | | |
|---|---|---|---|---|---|
| Folio#: | ×74434328110070071 | Parcel #: | 0071 | Model Nan | |
| Municipal Co | 74 | Town/Rang | | Section: | 28 |
| Subdivision | 11 | Map Coord: | | Zoning: | ×SF14 (ci |
| Subdivision | ×BONNYVIEW ADD 2 | Developmei | | | |
| Elementary: | | Middle: | | | |
| High: | | | | | |
| Neighborhoo | | | | | |

---

#### General Information

| | | | | | |
|---|---|---|---|---|---|
| Type Property: | Single | Front Exposure: | North East | HOPA: | No HOPA |
| For Lease: | No | For Lease MLS#: | | SS Addend: | |
| Boat Services: | | | | | |
| Style: | R30-No Pool/No Water | | | | |
| Garage: | 0 | | | Carport: | 1/Attached |
| Lot SF: | ×2,343 | Appr Lot Size: | 2343 | | |
| Parking Desc: | Driveway | | | | |
| Parking Restr: | | | | | |
| Lot Desc: | Less Than 1/4 Acre Lot | | | | |
| Waterfront: | No | | | | |
| Water Access: | | | | | |
| Water Frontage: | | View: | Garden View | | |
| Pool Dim: | | Spa: | | | |
| Pool: | No | | | | |
| Design/Desc | Attached/One Story, Substantially Remodeled | | | | |
| Construction | Frame Construction, Stone Exterior Construction | | | | |
| Roof Desc: | Shingle Roof | | | | |
| Floor: | Ceramic Floor | | | | |

---

#### Remarks

**Remarks:** Beautiful Single Family Home Near City Place/Downtown West Palm Beach and

Beaches. Updated, New Windows With Shutters, Stone Exterior, Newer Central A/C. Renovated Bathroom and Kitchen. The Roof Was Partially Replaced in 2021 And The Flooring Foundation Was Partially Replaced in 2021. New Sewer Line And Plumbing. House Has Been Fully Treated For Termites And Pests. Attached Carport. Washer And Dryer. Tenant Occupied $2000/month. Easy To Show!

| | |
|---|---|
| **Driving Directions:** | Okeechobee to Parker St South, right on Market St. The second house on the right |
| **Broker Remarks:** | Submit all offers via MLS Offers Tenant occupied Until 08/15/22. Combo lock. Use ShowingTime To Coordinate a Showing. The purchase of the property is subject to the Chapter 11 Court's approval. |

## Rooms

| | |
|---|---|
| **Bedroom Desc:** | At Least 1 Bedroom Ground Level, Entry Level |
| **Master Bath:** | |
| **Addition Rooms:** | Family Room, Other |
| **Dining Desc:** | Eat-In Kitchen |
| **ADA Compliant:** | |

## Additional Information

| | | | |
|---|---|---|---|
| **Pets:** | Yes | **Cable:** | |
| **Pet Rstr:** | More Than 20 Lbs | | |
| **Guest House:** | | | |
| **# Ceiling Fans:** | | | |
| **Interior Feat:** | First Floor Entry | | |
| **Equip/Appl:** | Electric Range, Refrigerator, Washer | | |
| **Window Treat:** | | | |
| **Exterior Feat:** | Other | | |
| **Subd Info:** | No Subdiv/Park Info | | |
| **Restrictions:** | Ok To Lease | | |
| **Maint Incl:** | | | |
| **Heating:** | Central Heat | | |
| **Cooling:** | Central Cooling | | |
| **Sprinkler:** | | | |
| **Water:** | Municipal Water | **Sewer** | Municipal Sewer |
| **Equestrian:** | | | |
| **Storm Protect:** | | | |
| **Green Energy:** | | | |

## Financial Information

| | | | | | |
|---|---|---|---|---|---|
| **Assumable:** | | **$/SOH Value:** | | **Assessed $:** | |
| **Total Mortg:** | | **Terms:** | All Cash, Conventional, FHA, Va | | |
| **Type of Assoc:** | None | | | **Membershi** | No |
| **Application Fee:** | | **Maint Fee:** | | **Land Lse Fee:** | |
| | | **Maint Fee ]** | | | |
| **Assoc Fee:** | | **Assoc Fee Pd:** | | **Flood Zone:** | ¤AE |
| **Tax Amount:** | $3,172 | **Tax Year:** | 2021 | **Owner Agent:** | Yes |
| **Tax Info:** | Tax Reflects Other Tax Exemption | | | | |
| **Special Info:** | As Is | | | | |
| **Possession Info:** | Funding | | | | |
| **Bonus:** | | **Spec Assess:** | | **Mult Offers :** | |

| **Hardship Pkg:** | | **PACE:** | | | |
|---|---|---|---|---|---|

*——————— Agent/Office Information ———————*

| | | | | |
|---|---|---|---|---|
| **Office:** | KWSE01 /Keller Williams Realty SW | | **Agent Ph:** | 305-761-0801 |
| **Agent:** | 3064318 /Jose Fernandez | | **Agt Ph 2:** | 305-761-0801 |
| **Ofc Addr:** | 2000 NW 150 Ave. , Suite 1100 | | **Office Fax:** | 954-237-0401 |
| | Pembroke Pines, FL 33028 | | | |
| **Agent Email:** | Jose@Jose-Fernandez.net | | **Agent License:** | 3064318 |
| **Office Ph:** | 954-237-0400 | | | |
| **CoAgt Email:** | | | | |
| **Owner Name:** | | | **Own Phone:** | |
| **Buy Agt Comp:** | 3.0% | **Trans Brk Comp:** 3.0% | **NonRep Cmp:** | 3.0% |
| **VAR Dual Rt:** | No | **AVM:** Yes | **Blogging:** | Yes |
| **Addrs on Inet:** | Yes | **Contingencie** | **OK to Adve** | |
| **Photo Instr:** | Realtor to Upload Images 1-99 | | **Joint Agcy:** | No |
| **List Type:** | Exclusive Right to Sell/Rent | | **Occupancy:** | Tenant Occupied |
| **Show Instr:** | Showing Assist | | | |
| **List Date:** | | **Stat Change Dt:** 03/08/2022 | **Prev LP:** | $375,000 |
| **Expire Date:** | | | **Orig LP:** | $375,000 |
| **Pending Dt:** | | **DOM:** 13 | **Internet:** | Yes |
| **Closing Dt:** | | **Expct Clse Dt:** | **Withdrn Dt:** | |
| **Intrnt URL:** | | | | |
| **Intrnt Rmrks:** | Beautiful Single Family Home Near City Place/Downtown West Palm Beach and Beaches Renovated | | | |
| **Board:** | A-Miami Association of REALTORS | | | |