



**ORDERED in the Southern District of Florida on December 14, 2022.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>BASA INVESTMENTS LLC,<br>SHEPHERD REALTY INVESTMENTS, INC.,<br>and DAMACA INVESTMENTS, LLC,<br><br>      **Debtors.**<br>_____/ | Case No.: 22-10741-EPK<br>Case No.: 22-12083-EPK<br>Case No.: 22-12084-EPK<br>**(Jointly Administered)**<br><br>Chapter 7 |

### ORDER GRANTING MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSIES BETWEEN THE TRUSTEE AND AMY STANLEY

THIS MATTER came before the Court in West Palm Beach, Florida, on December 14, 2022 at 10:30 a.m., upon the Trustee Michael R. Bakst's (the "Trustee") *Motion to Approve Stipulation to Compromise Controversies Between the Trustee and Amy Stanley* (the "Motion") [ECF No. 476]. The Court, having reviewed the Motion, having heard the argument of counsel, having heard and considered the objection and argument by Ariel Banegas, having found (a) that all creditors and parties in interest including, without limitation, Ariel Banegas and Astrid Carolina Banegas have been duly noticed of (i) the Motion, (ii) the hearing on the Motion, and (iii) the

1

proposed settlement, and (b) that the settlement is in the best interest of creditors and the estate, and having been otherwise fully advised in the premises, hereby

ORDERS AND ADJUDGES as follows:

1. The Motion is GRANTED and the Stipulation[1] attached to the Motion is APPROVED.

2. All parties in interest have been duly served with the Motion and hearing date and time, and had the opportunity to be heard.

3. The Court finds that the settlement in the Stipulation is in the best interests of the Estates and their creditors.

4. The Stipulation attached to the Motion, and all of the terms of the Stipulation, are incorporated herein, regardless of whether they are specifically restated herein.

5. The Trustee may execute any and all documents or take any actions necessary to comply with or consummate the terms of the Stipulation.

6. Subject to and conditioned upon Stanley's timely payment of the Settlement Amount, Stanley shall be deemed to have a secured claim against all Seven Properties for $1,206,180.00, plus $297,942.92 in prejudgment interest, for a total of $1,504,122.92. Notwithstanding such secured claim, Stanley shall take the Seven Properties subject to any such secured claims, and shall not be entitled to any payment thereon, from any of the Estates, from any of the Seven Properties, from the proceeds of this Settlement, or otherwise.

7. Pursuant to the *Order Granting Trustee's Verified Motion (1) for Order to Show Cause and for Contempt for Violation of the Automatic Stay Pursuant to 11 U.S.C. §362(a) and/or*

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion and in the Stipulation attached to the Motion.

*11 U.S.C. §105, Against Ariel Banegas; (2) to Enforce the Automatic Stay Pursuant to 11 U.S.C. §362; (3) to Prevent Interference in Trustee's Administration of Estate and to Order Ariel Banegas to Cease and Desist Pursuant to 11 U.S.C. §105; (4) to Direct U.S. Marshal to Accompany Trustee and/or Trustee's Realtor to Debtors' Properties; and (5) to Compel Ariel Banegas to Cooperate with the Trustee Pursuant to Fed.R.Bankr.P. 4002(4)* [ECF No. 393] (the "Show Cause Order"), any transfer or attempted transfer of the Properties pursuant to the post-petition Deeds (as defined therein) is void as without authority and in violation of the automatic stay pursuant to 11 U.S.C. §362(a).

8. Also, pursuant to the Show Cause Order, the Seven Properties are, have been, and remain property of the bankruptcy estates pursuant to 11 U.S.C. §541(a), free and clear of any claim of Astrid Banegas a/k/a Astrid Carolina Banegas.

9. Pursuant to the *Order Confirming Authority of Chapter 7 Trustee* [ECF No. 422], neither Ariel Banegas nor Astrid Carolina Banegas, a/k/a Astrid Carolina Daza, has any ownership interest in the Seven Properties.

10. The Trustee shall be entitled to retain any and all rents, or claims for rents, owed and/or accrued for any or all of the Seven Properties for any time(s) prior to the Effective Date.

11. After the receipt of the trustee deeds for the Seven Properties, Stanley shall withdraw her proofs of claim in the Basa Investments, LLC, Shepherd Realty Investments, Inc., and Damaca Investments, LLC, cases with prejudice, but shall only be obligated to reduce her proof of claim in Case No. 22-12467-MAM (Ariel Banegas's individual Bankruptcy Case) by $1,504,122.92.

12. The Court reserves jurisdiction to enforce the terms of this Order and the Stipulation and the handling of any disputes concerning administrative claims relating to the Seven Properties.

# # #

Submitted by:
Rilyn A. Carnahan, Esq.
Greenspoon Marder LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Telephone: (561) 838-4557
rilyn.carnahan@gmlaw.com

**[Rilyn A. Carnahan, Esq. shall immediately serve this Order upon all interested parties and file a certificate of service with the Court that conforms with Local Rule 2002-1(F)]**